STATE, CORNELIUS C. VAN REYPEN, PROSECUTOR, v. THE BOARD OF PUBLIC WORKS OF JERSEY CITY, THE MAYOR AND ALDERMEN OF JERSEY CITY ET AL.

1. The title of the members of the board of public works of Jersey City cannot be questioned on a *certiorari* to review the proceedings of the board.
2. Parties interested are not legally entitled to a hearing before the board of finance and taxation of Jersey City, on the question whether that board shall concur in a resolution of the board of public works ordering a street improvement.

On *certiorari* to review proceedings of the board of public works of Jersey City.

Argued at February Term, 1886, before Justices DEPUE, DIXON and REED.

For the prosecutor, *John Linn.*

For the defendants, *John A. Blair.*

The opinion of the court was delivered by

DIXON, J.   This writ of *certiorari* is directed to the board of public works of Jersey City, the board of finance and tax-

ation of Jersey City, and the mayor and aldermen of Jersey City, requiring them to certify their proceedings for the opening of Pavonia avenue, from Tonnele avenue eastwardly through the property of the prosecutor.

The first reason assigned for reversal of these proceedings is that the board of public works does not legally exist. The argument presented in support of this reason is that the statutes concerning legislative commissions, which were approved March 6th, 1877, (*Pamph. L., p.* 54,) and February 26th, 1878, (*Pamph. L., p.* 28,) abrogated the previously existing mode of appointing the members of this board by the senate and general assembly, and did not constitutionally substitute any other method of appointment. This argument involves an inquiry which cannot be made in the present controversy. It concedes that in legal theory there is such an entity as the board of public works of Jersey City, but insists that the persons who assumed the functions of such a board had no legal authority for so doing. This is the oft-repeated but always futile attempt to question collaterally the title of the *de facto* incumbents of public offices. If the legislature had evinced a purpose to abolish the board with all its powers, instead of a mere design to do away with a statutory mode of selecting its members, a very different question would now be raised; but we have found no evidence of such an intention.

This reason is insufficient.

The other reason alleged is that the board of finance and taxation concurred in the resolution of the board of public works for the opening of the avenue, without giving the prosecutor due opportunity to be heard in the matter. We think that the board of finance and taxation was not under legal obligation to afford to the prosecutor any hearing whatever. The statute regulating the subject is the supplement to the city charter, approved March 27th, 1874, (*Pamph. L., p.* 504, § 9,) which substitutes the concurrence of the board for the approval of the mayor. It has never been considered that parties interested had a legal right to a hearing before the mayor, when resolutions affecting them were submitted to

him, and we perceive no ground for claiming such a right in the fact that this board is to act in his stead. The hearing to which parties are entitled on general principles is secured to them by statute before the board of public works, but neither legislative enactment nor abstract justice requires more.

The proceedings brought up must be affirmed, with costs.