OF THE

### STATE OF IOWA

AT

## DES MOINES, SEPTEMBER TERM, A. D. 1904.

AND IN THE FIFTY-EIGHTH YEAR OF THE STATE.

---

S. S. DANIELS, Appellant, v. J. G. NEWBOLD, MAYOR; W. D. WORTHINGTON, CLERK; J. O. BALL, ET AL.

**Certiorari:** ELECTION CONTEST: QUO WARRANTO. Where one is not in
1 possession of an office he cannot maintain certiorari to remove
or correct the record of a city council appointing another to the
position, preparatory to contesting the incumbent's right thereto.
Quo warranto is the proper proceeding to determine the title to
an office.

**Quo warranto:** APPOINTMENT TO OFFICE: RECORD. Quo warranto, to
2 determine the title to an office, is in the nature of a direct pro-
ceeding, and the record of a city council in making an appointment
is not conclusive of the right thereto.

*Appeal from Henry District Court.*— HON. JAMES D. SMYTH, Judge.

TUESDAY, OCTOBER 18, 1904.

THE petition alleges: That plaintiff is a citizen and taxpayer of the city of Mt. Pleasant, and the defendants mayor and councilmen thereof. That on April 7, 1902, five ballots were taken for city weighmaster, on the last of which three councilmen voted for plaintiff, four for one Chamberlain, and one for Harrison, but that the last-mentioned vote was recorded for Chamberlain, whereupon the mayor declared the vote a tie, cast his vote for Chamberlain, and declared him duly elected. At an adjourned meeting, two days later, the member who voted for Harrison moved that the minutes be corrected so as to show that he voted for Harrison, but the mayor declined to put the motion. That this meeting was adjourned till the following evening, and on the approval of the minutes there was a tie vote, but they were declared approved; the mayor voting in the affirmative. That this was in violation of the rules adopted for the government of the city council requiring such approval at a regular meeting. The plaintiff prayed that the record of the city council as recited be annulled, or corrected to show the truth. A writ of *certiorari* was issued, and a transcript of the proceedings returned. To the petition a demurrer was then interposed, asserting that the court was without authority to correct such a record, and that the decision of the city council, as it was but the exercise of a judicial function, could not be made the subject of inquiry in *certiorari* proceedings. The demurrer was sustained, and, as the plaintiff elected to stand on the ruling, the petition was dismissed, and he appeals.— *Affirmed.*

*F. M. Davenport,* for appellant.

*Max W. Babb* and *McCoid & Finley,* for appellees.

LADD, J.— This is not a contest for the office of weigh-master of Mt. Pleasant, but a suit to remove or correct the record of such an election by the city council.   The petition fails to aver that either plaintiff or the party the record indicates was elected to be in possession of the office.   In this situation it is difficult to discover plaintiff's interest in the prosecution.   *Desmond v. McCarthy,* 17 Iowa, 525.   Were the latter in possession, proceedings in the nature of *quo warranto* would seem to be the appropriate remedy.   *State v. Board, etc., Jersey City,* 48 N. J. Law, 428 (6 Atl. Rep. 23) ; *State v. Inhabitants of Borough of Washington,* 67 N. J. Law, 167 (50 Atl. Rep. 341) ; *People v. Walter,* 68 N. Y. 403 ; *Atty. Gen., etc., v. Mayor, etc., Northampton,* 143 Mass. 589 (10 N. E. Rep. 450) ; 6 Cyc. 758 ; section 4313, Code.   And were plaintiff in possession of the office, and the council had adopted an order or resolution or taken other action which might unlawfully disturb him in its enjoyment or deprive him of its emoluments, there is a line of authorities saying that he may, by *certiorari,* have such order, resolution, or other action swept from his way.   *Bradshaw v. City Council of Camden,* 39 N. J. Law, 416.   But this may not be done merely to pave the way for a contest with another for the office.   In *State v. Chosen Freeholders of Camden Co.,* 47 N. J. Law, 454 (1 Atl. Rep. 515), it is said that such a suit is purely anticipatory, and ought not to determine the right to an office in the absence of one of the parties.   In *Simon v. Mayor, etc., of Hoboken,* 52 N. J. Law, 367 (19 Atl. Rep. 259), the last case was followed, and the doctrine that an acting official may assail a proceeding designed to elect his successor as unlawful by *certiorari* is repudiated, and the principle laid down that the incumbent has no ground for an action until he is ousted, and then he must resort to *quo warranto.*   The court will not permit him to litigate in *certiorari* proceedings, to which his real adversary

1. CERTIORARI: election contests; quo warranto.

is not a party, the very question which can be effectually settled only on information in the nature of *quo warranto*. The principle is clearly stated in *State v. Mayor, etc., of Millville*, 53 N. J. Sup. 362 (21 Atl. Rep. 568): " *Certiorari* is an appropriate remedy to remove out of the way of a prosecutor in possession, and therefore presumably entitled to an office, an order, resolution, or other action adverse to his rights, which may be unlawfully used to disturb him in the possession and enjoyment of such office or its emolument. But when title to office is the avowed or real subject of controversy, then *quo warranto* is the exclusive legal remedy." In other words, action by a city council in adopting orders, resolutions, or doing things in excess of its powers to the injury of an officeholder in that state may be investigated in *certiorari* proceedings. As plaintiff does not appear to have retained the office, the case is not within these decisions. If he is merely attempting to have the record of the council corrected in order to clear the way for contest with Chamberlain for the office, the principle of the above decisions is applicable. The doctrine that a determination of the right to the office cannot thus be forestalled in a proceeding by *certiorari* has our approval.

Against this it is argued that the record of the city council relating to the election is a verity, and would prove an insurmountable obstacle in the trial of the right to the office. Whether such a record, when collaterally assailed, should be regarded as conclusive, is matter concerning which the authorities are not in harmony. See 24 Am. & Eng. Enc. of Law, 196. But *quo warranto* is in the nature of a direct proceeding, in which the title to the office as evidenced by the record is assailed, and the record of a city council should be esteemed as no more conclusive when thus attacked than the record of abstracts of votes cast for state and county officers kept by the county auditor and Secretary of State, when the title to a

2. Quo WAR-RANTO: appointment to office; record.

county or State office is put in issue. Undoubtedly such a record, when kept as required by law, is *prima facie* evidence of the recitals therein; but, whether true in fact, is the very issue to be tried, and on this extrinsic evidence is admissible. *State v. Alexander,* 107 Iowa, 177.— *Affirmed.*