[Civil No. 1682.   Filed June 4, 1919.]

[181 Pac. 366.]

B. F. HOPKINS, IKE PROEBSTEL and F. E. ELLIOTT, as the BOARD OF SUPERVISORS OF YUMA COUNTY, and NORA E. MORROW, Appellants, v. SCHOOL DISTRICT No. 11 OF YUMA COUNTY, STATE OF ARIZONA, IRA LACY, CHARLES MARTIN, ROY D. JACOBS and W. V. WRIGHT, Appellees.

1. SCHOOLS AND SCHOOL DISTRICTS—SUBDIVISION—PROCEEDINGS—NECESSITY OF PETITION.—Despite Civil Code of Arizona of 1913, paragraph 2418, subdivision 2, the board of supervisors of a county, under paragraph 2722, have no jurisdiction to form two districts out of a school district by subdividing it, ignoring the requirements of paragraph 2720, requiring a petition to be filed with the board.

2. SCHOOLS AND SCHOOL DISTRICTS—DIVISION OF SCHOOL DISTRICTS—REMEDY OF TAXPAYERS—INJUNCTION.—A school district and its trustees in their official capacity and as taxpayers and residents *held* entitled to enjoin enforcement of a void division of the district into two districts by the board of supervisors of the county, because enforcement of the order would deprive complainants of their property rights, and cause them injury not to be compensated by damages.

APPEAL from a judgment of the Superior Court of the county of Yuma.  Samuel L. Pattee, Judge.  Affirmed.

Mr. Thomas D. Molloy, for Appellants.

Mr. W. F. Timmons, for Appellees.

ROSS, J.—This is an action of injunction by the trustees of school district No. 11 and W. V. Wright in their official capacity and as taxpayers and residents of said school district, asking that the board of supervisors and the superintendent of schools of Yuma county be restrained and enjoined from dividing said school district into two school districts.

The case was tried upon the pleadings, which fully set forth all the facts, as well as a great deal of extraneous matter. The material facts are as follows: School district No. 11, on April 22, 1918, and for some time prior thereto, was a duly organized and existing school district of Yuma county, carrying on and maintaining a public school. The area of the district was a compact rectangular body of about 18 sections of land.  On April 22d, 79 persons, representing themselves as qualified electors of said school district, presented to the board of supervisors of Yuma county a petition, praying that the boundaries of the school district be changed by cutting about six sections off of the south portion thereof.  The petition is silent as to the disposition to be made of this portion of territory sliced from district No. 11.  There is, however, a recital in the petition to the effect that school district 11 contains too much territory; that the town of Somerton, situated in the lopped-off portion of school district No. 11 is about to be incorporated, and needs a school district of its own within its boundaries; that the trustees of No. 11, in fact, had moved the building from without to within the limits of Somerton, thereby endangering the district's title to two acres of land from which the building was removed, the same being granted the district on condition it be used for school purposes.  It further mentions the existence of a bitter rivalry between the people of the northern portion and the people of the southern portion of the district as to the location of the schoolhouse, and asserts that "unless there is

a division of district'' this rivalry will continue, to the disadvantage of the pupils attending the school of said district.

It is shown by the petition and by the pleadings that the school building of the district is in what is hereinafter known as Somerton school district No. 9, and that two of the trustees reside therein.

This petition was, before it was presented to the board of supervisors, presented to the superintendent of schools for her action thereon, and was by her disapproved.

On the 22d of April, 1918, being the day of the filing of said petition, the board of supervisors, acting thereon, passed a resolution, granting the prayer of said petition, and by said resolution formed, or attempted to form, two school districts out of school district No. 11, giving the north portion thereof the name of school district No. 11, and the south portion thereof the name of Somerton school district No. 9, two-thirds of the area of the original district comprising school district No. 11 and one-third comprising the Somerton district.

The defendants, board of supervisors and superintendent of schools of Yuma county, were proceeding or threatening to proceed to the organization of said school districts by the appointment of trustees, etc. The lower court, upon this showing, ordered the issuance of a temporary injunction against the appellants, from which order this appeal is taken.

It is the contention of appellees that the resolution of the board of supervisors was null and void, as being made and entered without power or jurisdiction, and that view was adopted by the trial court. The contention of appellants is that the resolution of the board of supervisors was one—not to divide the old district—but to ''change the boundaries'' thereof, and that the board possessed the power and authority, under the law, upon the filing of said petition with them, to make the order or pass the resolution here attacked. These contentions involve the construction of chapter 7, entitled ''School Districts,'' being paragraphs 2719 to 2725, inclusive, Civil Code of 1913.

In this chapter provision is made for the formation of school districts, for the consolidation of two or more districts, and also for the ''changing of boundaries'' of districts. Paragraph 2720 authorizes the creation of a new district when the parents or guardians of at least ten school census children petition therefor, setting forth the boundaries of the pro-

posed new district, if the petitioners reside a greater distance than *four* miles from a district schoolhouse; or, if a district contains 250 school census children according to the next preceding school census, upon a petition of fifteen per cent of the parents or guardians residing in the district to be formed, giving its boundary, a new district may be formed by the subdivision of the old one.

Changes of boundaries of school districts may be made by the board of supervisors according to paragraph 2722, when ten or more qualified electors manifest their desire by petition to the county superintendent of schools, setting forth the proposed changes and the reasons for the same, the superintendent to approve or disapprove, and transmit the same to the board of supervisors whose action thereon shall be final. This paragraph contains a proviso to the effect that if a subdivision of a city or incorporated town lies outside of the school district, including the city or town, such subdivision may be annexed to the city or town school district by the board of trustees thereof, upon petition of a majority of the school electors of the subdivision, in which case the trustees shall indorse on the petition favorable action and transmit the same to the superintendent, but the same shall not be effective until the first day of July following. That is, where the annexation of territory to a municipal school district is sought, no action by the board of supervisors is required. Changes of boundaries in all other cases must be accomplished, if at all, through the superintendent of schools and the board of supervisors acting together.

There is one expression in paragraph 2722 indicating what the words "change of boundaries" mean or may mean, and that is contained in the proviso by which a subdivision of a city or town may *annex* itself to the municipal school district by appropriate action. It is evident that this paragraph has no reference to the subdividing of an existing district into two or more districts. That is provided for by paragraph 2720. The appellants attempted to form two districts out of district No. 11 by subdividing it, ignoring the requirements of paragraph 2720, and claiming the right to act under the terms of paragraph 2722. The only provision for forming a new district by the division of an old one is found in paragraph 2720, and before that may be done, it must be made to appear in the manner therein provided that the old district contains more than 250 school census children, or that

the petitioners reside more than four miles from the school-house of such district. The petition presented to the appellant board of supervisors does not set forth this jurisdictional fact, nor does it otherwise appear that school district No. 11 contained more than 250 school children according to the next preceding school census, nor that the petitioners reside more than four miles from a schoolhouse. We conclude that the order of the board of supervisors subdividing the district was made without jurisdiction, and is null and void. The proceeding was not one to change the boundaries of school district No. 11, but distinctly one conceived and carried out to divide the old district so as to form a new district from the portion lopped off of the old one. There appears no effort to evade or cover up this purpose, for at the same sitting and, so far as we know, as a part of the resolution dividing district No. 11, a new district, Somerton No. 9, was formed, or attempted to be formed. This new district was created by the board on its own motion. No petition praying for its formation, as required by paragraph 2720, was filed with the board.

Appellants point us to subdivision 2, paragraph 2418, Civil Code, as authority for their action in this regard. By this statute boards of supervisors are given jurisdiction and power, under such limitations and restrictions as are prescribed by law, " . . . (2) to divide the counties into districts or precincts as may be required by law. . . . "

The jurisdiction to form districts here vested in the board, if they be school districts, must be exercised in the manner and under the limitations and restrictions as are set forth in chapter 7, *supra.* The requisite petition, asking for the formation of the new district, whether it be because of the distance of petitioners from a schoolhouse already in use, or because of an excessive population, must first be presented to the board before action taken. Such petition is jurisdictional, and action without it is null and void.

Paragraph 2723 provides for the consolidation of two or more districts into one. While the effect would be to "change" or obliterate the boundaries of the consolidated districts, no one would contend that the board of supervisors could assume to act, in effecting the consolidation, under paragraph 2722. The change of boundaries arising by reason of consolidation must be accomplished by petition and

election, as provided in paragraph 2723. "The change of boundaries" does not mean changes caused by the division of old districts into two or more districts, nor the consolidation of districts. Just what it may mean is not involved in this case, and it will be time enough to search out its meaning when a case requiring it is before us. It will suffice to say to give it the construction contended for by appellants would be to disregard a well-known canon of construction, requiring that every word, phrase, and sentence used in a law should be given some meaning, if possible. If it be given the meaning claimed by appellants, paragraph 2720 might just as well have been left out.

It is contended by appellants that the wrong remedy was adopted. We think the rule stated in 22 Cyc. 891G, applicable here. It is there said:

"A municipality and its officials will be enjoined from acting under and enforcing a void ordinance, when the proposed enforcement would deprive the complainant of his property or property rights, and will cause him injury which cannot be compensated by damages, or where the illegal action will give rise to a multiplicity of actions at law if it is not prevented."

It is apparent that if we should hold the action of appellants legal and as authorized under paragraph 2722, concerning changes of boundaries, the district of Somerton No. 9 could lay no claim to any of the moneys belonging to the old district, for the reason the statute nowhere authorizes any credit be given the lopped-off portion of a district caused by a change of boundary. Mere change of boundaries of a district does not disturb the public moneys belonging to the district at the time of change. And if the view be taken that Somerton school district No. 9 is a new district entitled to a division of the funds of the old district as soon as school is actually commenced therein, as provided in paragraph 2724, we have this anomalous situation: The old district No. 11, with all the public moneys in its treasury, but no school building, and the new district No. 9 with the school building, but no funds to carry on school. The parents and guardians of school children and the taxpayers of school district No. 11 had a real and substantial right to have the schools of district No. 11 open and maintained in the manner and for the purposes provided by law. If appellants were

allowed to consummate what was undertaken by them, the taxpayers and parents and guardians of children would certainly be deprived of property rights and caused injury which could not be compensated in damages.

We think a case was made calling for the exercise of the equitable powers of the court.

The judgment is affirmed.

CUNNINGHAM, C. J., and BAKER, J., concur.