206 P.2d 1047

**PARNELL et al. v. STATE ex rel. WILSON, Atty. Gen.**

**No. 5115.**

Supreme Court of Arizona.

June 6, 1949.

Conner & Jones and James M. Murphy, of Tucson, for appellants.

Fred O. Wilson, Atty. Gen., Edward Jacobson, Asst. Atty. Gen. (Clifford R. McFall, of Tucson, of counsel), for appellee.

FARLEY, Superior Judge.

This is an action of quo warranto brought by the state of Arizona at the relation of the attorney general. The complaint in the trial court alleged the incorporation by the Pima county board of supervisors of the town of Rincon Village and prayed the court that the order and declaration of the said board of supervisors be declared null and void; that there was no such incorporated city or town or municipality as the town of Rincon Village; and for a further order ousting Robert C. Parnell, Floyd E. Bain, O. J. Farness, David G. Watkins, Jr., and Stewart Patterson, the defendants and appellants herein, from acting as mayor and members of the council of the town of Rincon Village.

Defendants answered, denying that the incorporation was illegal, and the case went to trial before the court sitting without a jury. The court made special findings of fact and conclusions of law, and rendered judgment for the plaintiff and appellee herein.

The record discloses that the petition for incorporation was presented to the Pima county board of supervisors on May 9, 1947, under the provisions of section 16-201, A.C.A. 1939, requesting the board to create a municipal corporation to be known as Rincon Village. The location of Rincon Village was east of Tuscon, Arizona, but in nowise adjoined the city of Tucson. The petition was signed by 251 real property taxpayers who were residents of the area to be incorporated, which contained a population at the time of the incorporation of approximately 1100 inhabitants, so that the statutory requirements in those particulars were met.

Subsequent to the adoption of the resolution and order by the board of supervisors declaring the area to be incorporated, the mayor and common council were elected and proceeded to function in that capacity.

The trial court found that the area described in the petition for incorporation was not in fact an existing city or town nor that there was any city or town within such area, and that the territory described in the petition for incorporation contained an area of approximately 24 square miles, the major portion of which was open range or desert land, largely vacant and unoccupied.

There is no question that the proceedings were adequate to justify incorporation unless, as the court below held, the actual existence of a city or town when the petition was filed is a judicial question, and that the implied finding of the board that such town or city did exist is open to judicial review. The appellant contends that the lower court erred in finding that the area described in the petition for incorporation was not in fact a city or town existing at the time the petition was filed, for the reason that the order of the board of supervisors incorporating said area as a town was a legislative act within the authority of the board of supervisors and binding and conclusive, and that the lower court was without authority in law to review said act. It is the appellant's position that the determination of the question of the existence of a city or town at

the time of the filing of the petition and the entry of the order of incorporation is not and was not subject to judicial investigation and determination.

Section 16-201, A.C.A. 1939, provides as follows:

"Proceedings for incorporation.—Whenever two-thirds of the real property taxpayers residing in any city or town, containing a population of five hundred (500) or more inhabitants, shall petition the board of supervisors, setting forth the metes and bounds of such city or town, and the name whereby such petitioners desire to be incorporated, and praying for the incorporation of such city or town, and the board shall be satisfied that two-thirds of the real property taxpayers residing in such city or town have signed such petition, it shall, by an order to be entered of record, declare such city or town incorporated. * * *"

Appellant urges that the legislature in enacting the foregoing statute did not prescribe, as a condition precedent to the jurisdiction of the board of supervisors, that a city or town, as understood at common law, exist; but that the reasonable and fair interpretation of the statute is that every question involved in a conclusion by the board whether or not to incorporate is left to the board itself. Great reliance is placed upon the case of Territory v. Town of Jerome, 7 Ariz. 320, 64 P. 417, 419, wherein this court stated that

"* * * All the board of supervisors need look into in hearing and granting such petition is to ascertain whether the petitioners live within the territory described in the petition by metes and bounds, and whether they constitute two-thirds of the taxable inhabitants within such metes and bounds. * * *"

However, in that case the question as to whether or not a town existed was not raised for the simple reason that a town did exist. The court did not have before it the precise question raised in this appeal, and consequently the above-quoted portion may not be considered as an all-inclusive test of the jurisdiction of the board of supervisors.

The statute is clear and unambiguous, and the words "city" and "town" as used therein are to be taken and construed according to their ordinary and popular meaning. Section 1-103(1), A.C.A. 1939. By the plain and unequivocal terms of the statute the petition and privilege of incorporation is limited to residents of a city or town, and the board of supervisors, therefore, is without jurisdiction or authority to attempt to incorporate any community unless in fact a city or town exists.

Appellant's contention that the validity of the incorporation may not be inquired into or determined by the courts merely because the creation of a municipality is a legislative function is untenable under the authority of the case of Udall v. Severn, 52 Ariz. 65, 79 P.2d 347, 357. In that case this court expressly approved and announced the principle that the determination of the existence of facts stated by the legislature to be essential to the incorporation of a municipality is judicial and properly exercised by the court.

" '* * * in so far as such general law makes the organization of municipal corporations, or the change of their territorial limits, to depend upon specific questions of fact, * * * the trial of the questions whether such required facts exist, and the making of findings as to whether they do, or do not, exist, and rendering judgment thereon, is a judicial function properly referred to and determined by the courts. [City of Emporia v. Randolph, 56 Kan. 117, 42 P. 376.] * * *

"We, therefore, conclude that, in so far as the Legislature delegates to the courts the right of determining the existence of certain facts stated by the Legislature to be essential to the addition of territory to a municipality are concerned, the function of the court is judicial and properly exercised, but in so far as its ultimate action is made to depend upon unfettered discretion as to whether, politically and economically speaking, it is advisable that the annexation be made, such function is purely legislative in its nature * * *."

We think the distinction is clear and the determination of whether an area is or is not a city or town is definitely not a legislative function but a judicial one. We said in the case of Kenney v. Bank of

Miami, 19 Ariz. 338, 170 P. 866, 868, in discussing the question of whether or not the finding of the board of supervisors as to jurisdictional facts was conclusive:

"If the law imposes the duty upon the board to ascertain and pass upon the facts conferring jurisdiction upon it, a finding and decision by it of the existence of those facts is final and conclusive. But, where the law makes it an indispensable condition that a certain fact or facts exists before the board can act, and fails to clothe it with the power and machinery to find the facts, its determination is not final and conclusive. * * *"

 We held in Hunt v. Norton, 68 Ariz. 1, 198 P.2d 124, that the above quotation from the Kenney case applied only where a collateral attack was being made upon the findings of the board, and that it did not apply where a direct attack was being made on said findings. The action there was in certiorari. We held that such a writ constituted a direct attack upon the proceedings. The writ of quo warranto likewise constitutes a direct attack upon the jurisdiction of the board in the instant case. McDonald v. Cochise County et al., 37 Ariz. 90, 292 P. 603; Faulkner v. Board of Sup'rs, 17 Ariz. 139, 149 P. 382; Abbey v. Green, 28 Ariz. 53, 235 P. 150; 51 C.J. 311, section 6; Daniels v. Newbold, 125 Iowa 193, 196, 100 N.W. 1119. The trial court therefore was clearly within its rights, and it was its duty to review the sufficiency of the evidence presented to the board in order to determine whether jurisdictional facts existed.

Judgment affirmed.

UDALL, STANFORD and PHELPS, JJ., and THOMAS J. CROAFF, Superior Judge, concurring.

NOTE: Due to illness of Chief Justice LA PRADE and disqualification of Justice DE CONCINI, the Honorable GORDON FARLEY, Judge, Superior Court, Santa Cruz County, and the Honorable THOMAS J. CROAFF, Judge, Superior Court, Maricopa County, were called to sit in their stead.