378 P.2d 242

The CITY OF PHOENIX, a municipal corporation, Samuel Mardian, Jr., as Mayor, William T. Garland, Jay Hyde, Mrs. Edna McEwen, Dr. Ray Pisano, Ross D. Blakley, as members of and composing and comprising the Council of the City of Phoenix, Stanton S. von Grabill, as City Clerk, Henry R. Kiel, individually and as Editor and Publisher of the Arizona Weekly Gazette, a newspaper of general circulation and a newspaper published by Phoenix Newspapers, Inc., an Arizona corporation, Appellants,

v.

Sidney POPKIN, Albert E. Kluender, Blakely Oil, Inc., an Arizona corporation, and Phoenix Fuel Co., Inc., an Arizona corporation, Appellees,

James R. Hart, Intervenor-Appellee,

No. 7797.

Supreme Court of Arizona,

En Banc.

Jan. 24, 1963.

Merle L. Hanson, City Atty., Dow Ben Roush, Sp. Counsel, Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, by John P. Frank, Phoenix, of counsel, for appellants.

George Frederick Randolph, Phoenix, for appellees.

Ryley, Carlock & Ralston, by Joseph P. Ralston, Phoenix, for intervenor appellee James R. Hart.

UDALL, Vice Chief Justice.

Appellants, the City of Phoenix and other formal parties, were defendants in a suit to enjoin publication of a tax ordinance, Ordinance G–485. Appellees are taxpayers who would be adversely affected by the ordinance. Appellants and appellees both moved for judgment on the pleadings, and judgment was entered for appellees enjoining the publication of the ordinance. It is from that judgment that the city appeals.

The ordinance requires a two-cent-per-gallon tax on motor vehicle fuel, to be paid to the City of Phoenix. The tax is to be paid by distributors on all fuel imported, sold or delivered, or by retail dealers or bulk users if the distributor has not paid the tax. It is the usual type of gasoline tax and is patterned after the state motor vehicle fuel tax provided for in Arizona Revised Statutes, § 28–1501 et seq. The ordinance characterizes the tax as an excise tax. The tax money is to be put in a "Major Street and Highway Fund" and is to be used only for street and highway purposes. Sales of motor vehicle fuel affecting interstate commerce are exempted. The ordinance also requires each distributor, retail dealer or bulk consumer to be the holder of a motor vehicle fuel excise tax license which can be obtained by the payment of a fee of one dollar.

The case was exceptionally well briefed and argued by able counsel. But because of a controlling provision of the Arizona Constitution, we do not discuss all the issues presented.

Article 9, Section 14 of the Arizona Constitution, A.R.S. reads:

"§ 14.  Use and distribution of vehicle and gasoline tax receipts

"Section 14.  No moneys derived from fees, excises, or license taxes relating to registration, operation, or use of vehicles on the public highways, or to fuels used for the propulsion of such vehicles, shall be expended for other than cost of administering such laws, statutory refunds and adjustments provided therein, payment of

highway obligations, cost of construction, reconstruction, maintenance and repair of public highways and bridges, county, city and town roads and streets, and for distribution to counties, incorporated cities and towns in an amount not less than as provided by law on July 1, 1952, to be used by them only for the purposes permitted by law on that date, expense of state enforcement of traffic laws, and payment of costs for publication and distribution of Arizona Highway Magazine, provided, however, that this section shall not apply to moneys derived from the automobile license tax imposed under section 11 of Article IX of the Constitution of Arizona."

Thus the Constitution provides how all money raised by motor vehicle fuel taxes must be used and how it must be distributed. It must be distributed to counties, incorporated cities and towns in an amount not less than as provided by law on July 1, 1952.

Obviously, the provisions of Article 9, Section 14 of the Constitution would apply to all moneys derived by the City of Phoenix from its proposed fuel tax. It is also obvious that the pattern of distribution contemplated by the Constitution cannot be sensibly administered by any governmental unit smaller than the state itself. By the ordinance of the City of Phoenix, moneys derived from the tax are to go into major street and highway funds and all proceeds of this fund are to be used for implementing a major street and highway plan. This provision is in direct contradiction to the constitutional pattern of distribution of moneys derived from fees, excise or license taxes on motor vehicle fuels. By Article 9, Section 14 of the Arizona Constitution, the state has pre-empted the field of motor vehicle fuel taxes.

Appellants have challenged the jurisdiction of the court below to interfere with legislation before it is passed by enjoining the publication of the ordinance. Such publication is required by Chapter 3, Article 2, Section 14 of the City Charter. We hold that the court below had no jurisdiction to prohibit the publication of the ordinance, City of Phoenix v. Superior Court of Maricopa County, 65 Ariz. 139, 175 P.2d 811, but the importance of the constitutional question involved and the time and expense to which the parties would be put in bringing an action after publication of the ordinance have led us to decide the case on the merits.

Reversed and remanded for proceedings not inconsistent with this opinion.

BERNSTEIN, C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.