[Civil No. 4146. Filed November 6, 1939.]

[95 Pac. (2d) 424.]

O. P. SKINNER, on Behalf of Himself and All Others Similarly Situated, Appellant, v. CITY OF PHOENIX, a Municipal Corporation, M. L. WHEELER, City Manager of the City of Phoenix, WALTER J. THALHEIMER, Mayor of the City of Phoenix, MALCOLM WHARTON, C. J. SULLIVAN, RAY BUSEY and REED SHUPE, Constituting the Commission of the City of Phoenix, a Municipal Corporation, and JOE CONWAY as Attorney General of the State of Arizona, Appellees.

Mr. E. O. Phlegar, Mr. Thomas W. Nealon, Mr. J. S. Wheeler and Mr. R. C. Stanford, Jr., for Appellant.

Mr. Hess Seamen, City Attorney, and Mr. W. C. Fields, his Assistant, for Appellees.

LOCKWOOD, J.—O. P. Skinner, hereinafter called plaintiff, brought this action on behalf of himself and others similarly situated, under section 3736, Revised Code of 1928, which reads so far as material as follows:

". . . When the question to be determined is one of a common or general interest of many persons, or when the parties are numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

He asks for a declaratory judgment that a certain attempted annexation by the City of Phoenix of certain property contiguous thereto was void and of no effect.

The defendants filed special and general demurrers to the complaint, which latter was sustained by the court. Plaintiff refusing to plead further, and electing to stand upon his complaint, judgment was rendered dismissing the action, whereupon this appeal was taken.

We consider the case upon the legal questions requiring our determination rather than on the specific assignments of error. These questions are as follows: May a private citizen ask for a declaratory judgment (a) upon the question of whether a statute under which territory is annexed to the city is constitutional, and (b) if it is constitutional, were the proceedings taken to annex the territory in accordance with the statute?

The plaintiff was a private citizen and a resident and property owner within the annexed territory. He claimed that the annexation was void for the two reasons set forth, and brought the present proceeding in his private capacity. Section 4386, Revised Code of 1928, reads as follows:

"Person interested or affected may have declaration. Any person interested under a deed, will, written contract or other writing, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder. A contract may be

construed either before or after there has been a breach thereof.''

■ It is plain to us that the status and legal relations of the plaintiff are affected by the statute under which the annexation proceedings were taken and by the municipal ordinance adopted declaring the annexation completed. If the statute is unconstitutional, all the proceedings taken thereunder are void for lack of jurisdiction. We think, therefore, it was necessary for the trial judge to determine, in passing on the general demurrer, whether the statute is constitutional. Section 416, Revised Code of 1928, reads as follows:

''Annexation by petition of property owners. Any city may extend and increase its corporate limits in the manner following: On presentation of a petition in writing, signed by the owners of not less than one-half in value of the property in any territory contiguous to the city, as shown by the last assessment of said property, and not embraced within its limits, the common council of said city may, by ordinance, annex such territory to said city, upon filing and recording a copy of such ordinance, with an accurate map of the territory annexed, certified by the mayor of said city, in the office of the county recorder, in the county where the annexed territory is situated.''

■ It will be seen that the legislature has said that upon the presentation of a petition signed by the owners of not less than one-half in value of the property in any territory contiguous to the city, as shown by the last assessment of the property, and not embraced within its limits, the common council of the city may, by ordinance, declare said territory annexed to the city. In the case of *Southern Pacific Co.* v. *Pima County*, 38 Ariz. 11, 296 Pac. 533, 534, we quoted approvingly from *Adriaansen* v. *Board of Education*, 222 App. Div. 320, 226 N. Y. Supp. 145, as follows:

". . . The authority of the Legislature over the boundaries of subdivisions of the state is absolute. It may consolidate, add to, or take from the territory of a municipality or district, without the consent of the municipality or district affected. By such action the rights of individuals in the territory affected are not violated. . . . "

In *Territory* v. *Town of Jerome,* 7 Ariz. 320, 64 Pac. 417, 418, we said:

" . . . The legislature of the territory of Arizona, the same as any other legislature when not otherwise restricted, has the right to create, enlarge, and restrict municipal franchises, and especially those municipal franchises which look to the government of a portion of the people. It has a right to enlarge or curtail the territorial boundaries of a municipal corporation. It has a right to do that quickly, instantaneously, without notice to anybody. . . . "

We applied this same rule of the plenary legislative power to municipal corporations, such as school districts, in *Laney* v. *State,* 20 Ariz. 416, 181 Pac. 186, and in *Valley Center School District* v. *Hansberger,* 28 Ariz. 493, 237 Pac. 957. The only limitation on the power of the legislature in this respect would be some constitutional inhibition, such as section 19 of subdivision 2, article IV of the Constitution, which prohibits the legislature from incorporating cities, towns or villages, or amending their charters by a special law.

Assuming that extending the boundaries of the city is, in effect, an incorporation, and therefore that this constitutional inhibition would apply to a statute covering such an act, it will be seen that section 416, *supra,* is general in its nature. If the legislature may, as it unquestionably can, incorporate or disincorporate a city, or annex territory thereto without the consent of the inhabitants, or any notice to them, provided only the same is done under a gen-

eral law, we see no reason why they may not delegate this authority, upon such terms as they may think proper, to subordinate legislative bodies, such as boards of supervisors and common councils of municipalities already created.

The method of creating a town or city under the general law is, in essence, the same as that for annexing a territory to one already created. It is set forth in section 367, Revised Code of 1928. In substance, the section states that whenever a certain number of citizens present their petitions to the board of supervisors asking for incorporation, if the supervisors find that the jurisdictional requisites of the section are fulfilled, it shall, by resolution, declare the city incorporated. This, in substance, is the method used in practically all of the western states for incorporating a municipality, and we know of no place where its constitutionality has been seriously questioned. We have expressly· upheld it in *Territory* v. *Town of Jerome, supra,* as being constitutional. In the case of *Faulkner* v. *Board of Supervisors,* 17 Ariz. 139, 149 Pac. 382, 383, par. 1822, R. S. A. 1913, which is in substance the same as section 367, *supra,* was attacked, and we said:

"It seems quite clear that in passing the order here attacked, the board of supervisors were not exercising any judicial power. The petition presented to the board was sufficient in law. That it conformed to the statute in substance and form is not questioned. Its presentation to the board conferred jurisdiction on that body to act. They could act upon an *ex parte* petition. They count the population within the proposed incorporation and determine if there are 500 or more. This is a clerical, ministerial act. They then ascertain the number of taxable inhabitants in the proposed incorporation, and by the application of arithmetical principles find out if two-thirds of the taxable inhabitants have signed the petition for incorporation —another ministerial act. It is doubtful if they may

change the boundaries and give the incorporation other boundaries than those set forth in the petition. But if that may be done, it is legislative action and not judicial. *Borchard* v. *Board of Supervisors,* 144 Cal. 10, 77 Pac. 708, 710.''

■ We are of the opinion that upon reason and authority section 416, *supra,* was a valid and constitutional exercise of the power of the legislature.

The next question is whether a private citizen, since the act is constitutional, may in any proceeding, and particularly in an action for a declaratory judgment, question whether the provisions of the statute were complied with. In the case of *Faulkner* v. *Board of Supervisors, supra,* a private citizen attempted to question whether the procedure for the incorporation of a town, as prescribed by the statute, had been followed, and it was objected in that case, as in this, that such right did not exist in a private citizen, but only in the attorney general and the county attorney by *quo warranto.* In that case we referred to the decision in *Territory* v. *Town of Jerome, supra,* stating in substance that the power of the territorial legislature, in regard to cities, was plenary, except as limited by the express provisions of the Constitution. We continued:

''The parties who bring this proceeding were not, under the law, entitled to be noticed or to be heard, except perhaps as a matter of grace, upon the petition for incorporation. If parties have no legal right to be heard *in limine,* may they, after proceedings have been had affecting a municipal corporation, in their private capacity, institute an action which, if successful, would annul the franchise and all acts of the corporation thereunder? We think a contrary policy is contemplated, and that the Legislature has provided a complete and ample remedy where there is a usurpation of any of the state's franchises. It is provided in chapter 8, title 6 of the Civil Code, that the attorney general or county attorney may in proper

cases institute proceedings in the nature of *quo warranto* against any person, association, or corporation who usurps any franchise, and in case these officers refuse to bring such action any person upon leave of the court may bring the action.''

By the express provisions of the statute a private party can only bring *quo warranto* when he, himself, claims the office or franchise in question. This plaintiff does not do. Section 4407, Revised Code of 1928; *State ex rel. Sullivan* v. *Moore*, 49 Ariz. 51, 64 Pac. (2d) 809; *State* v. *Boehringer*, 16 Ariz. 48, 141 Pac. 126.

The Faulkner case is an explicit declaration that after proceedings have been taken under a valid statute establishing a municipal corporation, the citizens thereof may not institute an action which, if successful, would annul the incorporation. We said further in that case:

''. . . If, in fact, the board of supervisors should have exceeded the authority granted them by the state, and declared a community containing a population of less than 500 incorporated, or declare it incorporated when less than two-thirds of the taxable inhabitants have petitioned for incorporation, even though its population may be 500 or more, who should be permitted to complain? The municipal franchise is a grant by the state under a general law. It may condone or overlook, for the public good, any irregularities or errors of its agent in granting or issuing the franchise or license. . . . ''

And we held that the only aggrieved party being the state, it was constitutional to provide that only the state or its duly constituted agents might question the regularity of the proceedings incorporating the city. The same rule necessarily applies in principle to proceedings annexing territory to a city already incorporated.

■ Indeed, plaintiff does not seriously question that at the time the Faulkner case was decided it correctly stated the law. He urges, however, that the declaratory judgment act changed the situation. He cannot see where this act had any such effect. Certainly it does not explicitly grant the right to a private citizen to bring an action of this nature to determine whether, as a matter of fact, the provisions of the statute were complied with. Declaratory judgments are primarily to construe the meaning of a law, and not to determine the existence of controverted facts. The reasons which led to the rule stated by us in *Faulkner* v. *Board of Supervisors, supra,* in regard to the inability of a private citizen to bring an action of *quo warranto*—a rule which is upheld in practically every state which has dealt with a similar situation—have not changed. Since the reasons for the rule still exist, we think, in the absence of a legislative declaration specially changing the rule, we should hold that it still is in force.

■ We hold, therefore, that plaintiff is not in a position to question whether the requirements of section 416, *supra,* were, as a matter of fact, observed, and that only the attorney general and the county attorney have that right.

Since the act was constitutional and plaintiff had no right to question whether the proceedings taken to annex the territory in question to the City of Phoenix were in conformity with it, the trial court properly sustained the general demurrer to the complaint, and dismissed the action.

Judgment affirmed.

ROSS, C. J., and McALISTER, J., concur.