[Civil No. 4235.    Filed June 10, 1940.]

[103 Pac. (2d) 269.]

L. M. COLQUHOUN, Appellant, v. CITY OF TUC-
SON, a Municipal Corporation; HENRY O.
JAASTAD, Mayor Thereof, and W. E. GAM-
BRELL, L. ROCA, J. O. NIEMAN, STEVE
OCHOA, CARL A. BALL and T. A. CAID, Coun-
cilmen, Appellees.

Mr. Harry O. Juliani, Mr. John L. Van Buskirk and Messrs. Stover & Martin, for Appellant.

Mr. B. G. Thompson, City Attorney, and Mr. Arthur Henderson, Assistant City Attorney, for Appellees.

LOCKWOOD, J.—This is an appeal by L. M. Colquhoun, hereinafter called plaintiff, from a judgment in favor of the City of Tucson, a municipal corporation, and its mayor and councilmen, hereinafter called defendants. The facts necessary for a decision of the appeal are not in dispute and may be stated as follows:

On December 15, 1938 a petition asking that an election be held under section 367, Revised Code of 1928, as amended by chapter 86, Session Laws of 1931, to determine whether certain area contiguous to the City of Tucson should be incorporated as the Town of South Tucson was filed with the clerk of the board of supervisors of Pima county, the board itself not then being in session. On December 27th a petition for annexation of substantially the same area to the City of Tucson was filed with the council of that city, which immediately passed an ordinance declaring the area

annexed. However, no copy of the ordinance nor a correct map of the territory annexed, certified by the mayor of the city, was filed in the office of the county recorder of Pima county, as provided by section 416, Revised Code of 1928. On December 31st the board of supervisors rejected the petition for the election, and on January 5, 1939, the present action was filed.

Plaintiff alleged in his complaint that he was a *bona fide* resident and real property taxpayer within the territory involved in the action; that the City of Tucson and its council had adopted an ordinance attempting to annex the territory (describing it) to the city, and that the ordinance was invalid. The principal reason given was that the area was not open nor available for annexation because there was then pending before the board of supervisors a proceeding covering the same territory and asking that an election be called for the purpose of creating the Town of South Tucson, under the provisions of section 367, *supra*. The prayer was that the ordinance be declared null and void, and that defendants be restrained from recording it or the map of the territory purporting to be annexed, or from exercising any municipal jurisdiction over the latter.

A temporary restraining order as prayed for was issued, and later defendants demurred to the complaint.

On January 17th a *mandamus* action to compel the board of supervisors to call an election for incorporation, as requested by the petition above referred to, was instituted, and on March 1st the writ issued, and an election was held thereunder on March 27th. On April 5th the board of supervisors canvassed the returns and ordered the incorporation of South Tucson, but did not appoint the first council, as provided by section 369, Revised Code of 1928, for the reason that an election contest had been filed, disputing the result of the election.

The demurrer to the complaint in the present action was argued and taken under advisement, and sustained in October, 1939, and the restraining order theretofore issued vacated and judgment rendered for defendants, whereupon this appeal was taken.

There are two important questions raised by the record. The first is the capacity of plaintiff to maintain this action. It was urged by defendants that under the decision recently rendered by this court in *Skinner* v. *City of Phoenix*, 54 Ariz. 316, 95 Pac. (2d) 424, we have held that only the Attorney General and the county attorney may question the validity of the annexation of territory to a city. It is claimed by plaintiff that the holding in that case applies only when the annexation has, on the face of the record, been fully completed according to the requirements of the statute, and it is sought to show that these terms were not, as a matter of fact, complied with, and that in the case of *Hopkins* v. *School Dist. No. 11*, 20 Ariz. 431, 181 Pac. 366, we have held in substance that when proceedings changing the boundaries of a municipal corporation have been initiated but not completed, taxpayers of the area involved are proper parties to maintain an action for an injunction against completing the change.

In the Skinner case it appeared that the municipality, on the face of the record, had taken all of the steps required by the statute to complete the annexation, and that two questions only were involved, (a) the constitutionality of the statute authorizing the annexation, and (b) whether as a matter of fact the statutory requirements were actually complied with. We held that the statute was constitutional, and that a private citizen could not raise the issue that a record which showed on its face that the proceedings required by the statute for annexation had been taken, was as a matter of fact untrue, and that only the Attorney General and the county attorney could raise it by *quo war-*

*ranto.* But the question was not before the court as to whether when admittedly the annexation had not been completed by the performance of the various acts required by the law a private citizen might prevent their completion on the ground that the city lacked jurisdiction to act at all.

There can be no question that the legislature might have provided that no taxpayer may ever be heard to question the validity of proceedings to incorporate a municipality or to change its boundaries. *Skinner* v. *City of Phoenix, supra; Territory* v. *Town of Jerome,* 7 Ariz. 320, 64 Pac. 417. But the rule is a harsh one and should not be extended beyond the circumstances to which the legislature has applied it. In all of the cases cited by us in *Skinner* v. *City of Phoenix, supra,* and in that case itself, the record showed that every step necessary to complete the annexation or incorporation had been taken, and the attempt was to annul proceedings regular on their face by proof that the necessary things had not in fact been done.

In the present case it is admitted for the purpose of the demurrer that the defendants had not completed the statutory steps necessary before the annexation was complete, and the action did not attempt to attack the record, but was to prevent further proceedings on the ground of lack of jurisdiction.

We affirm the rule laid down in *Skinner* v. *City of Phoenix, supra,* but we are of the opinion that it applies only to an attempt to impeach a record which shows on its face a valid proceeding, and that an interested taxpayer may bring an action to prevent the completion of an attempt to change boundaries or incorporate a municipality on the ground of lack of jurisdiction. In the present case the contention was that defendants should be enjoined from proceeding fur-

ther because under the admitted facts they had no jurisdiction to annex the area involved.

It is conceded by both parties that when one body has the authority to annex territory to a municipality, while another is given the jurisdiction to erect such territory into an independent municipality, the one which first obtains jurisdiction of proceedings for either purpose is entitled to retain it without interference by the other until the first proceedings are finally determined. The question in the present case then is, Which first obtained jurisdiction, the board of supervisors of Pima county or the city council of Tucson? The petition asking for an election to determine whether the Town of South Tucson should be incorporated was filed with the clerk of the board of supervisors twelve days before the petition for annexation was filed with the city council of Tucson, but the board of supervisors took no action on the petition until four days after the ordinance of annexation was passed.

██ It is contended by defendants that section 367, *supra*, which governs incorporation proceedings, requires that the petition which forms the basis of any action must be "presented to the board itself," and not filed with the clerk of the board. Upon examination of the section we do not find any such requirement. It says "Whenever . . . real property taxpayers . . . shall petition the board of supervisors . . . " when the incorporation is to be made by the board itself, and "Whenever . . . real property taxpayers . . . shall in like manner petition the board of supervisors . . . " when, as in the present case, the request was for an election. Nothing is said as to the manner in which the petition shall be presented or whether it must be presented to the board when in formal session or filed with its clerk. Section 772, Revised Code of 1928, prescribes the duties of the

clerk of the board of supervisors as being, among other things, to "preserve and file all petitions and record the actions of the board thereon." We think it is clear that petitions of all natures are to be filed with the clerk of the board of supervisors, and not with the board itself in open session, and that such filing gives the board jurisdiction at any time thereafter to act upon the petition. If this were not so, no petition of any nature could legally be presented to the board unless someone appeared before it with the petition in open session. We think this would be imposing a most onerous burden upon all those having business to transact with the board of supervisors, and, unless it is clearly so specified in the statutes, such action should not be considered as necessary. There is no such requirement found in our Code.

The only case which has been called to our attention, which presents a situation in any manner analogous to the one involved, is that of *State ex rel. Osborn* v. *Mitchell,* 22 Ohio Cir. Ct. Rep. 208. In that case an incorporation petition was filed with the clerk of the board of trustees of an Ohio township in the morning of the day upon which the board was to meet. It met in the afternoon, and at or shortly before that meeting, but after the filing of the incorporation petition with the clerk, a second petition was filed with the board itself requesting incorporation of part of the same territory as a hamlet. The board ignored the first petition and considered and passed on the second one. The court held that of the two matters pending, the one first filed with the clerk should have been first considered and disposed of. While it is true that in that case the board of trustees had jurisdiction of both petitions, yet the principle that the one of which it first took jurisdiction excluded consideration of the other was applied.

■ We are of the opinion on the facts of the present case that the board of supervisors acquired jurisdiction of the proceedings for incorporation of the Town of South Tucson upon the filing of the petition with its clerk on December 15th, and this being the case, under the rule of law admitted by both parties the city council of Tucson had no jurisdiction of any annexation proceedings affecting the territory covered by the petition for incorporation until after the latter had been finally disposed of.

■ Since petitioner had the right to question the jurisdiction of the city council to proceed with the annexation of the territory involved in the present case, and since the council had no such jurisdiction until the proceedings for incorporation were finally disposed of, the judgment of the superior court of Pima county is reversed and the case remanded for further proceedings in accordance with the rule laid down herein.

ROSS, C. J., and McALISTER, J., concur.