216 P.2d 400

GORMAN et al. v. CITY OF PHŒNIX et al.

No. 5127.

Supreme Court of Arizona.

March 27, 1950.

V. L. Hash, Robert C. Moore, Mal Shelley, Phoenix, for appellants.

Jack Choisser, City Attorney, Howard W. Gibbons, Assistant City Attorney, Phoenix, for appellees.

STANFORD, Justice.

This is an annexation case and the appeal is by persons of the district who are opposed to its annexation to the City of Phoenix. The appeal is from an order of the superior court dismissing the complaint of the plaintiffs (appellants). The grounds of dismissal are that the complaint failed to state a claim upon which relief could be granted, plaintiffs electing to stand on the complaint, after the motion was made.

The complaint, in part, alleged that the plaintiffs were residents and taxpayers of a district lying east of the City of Phoenix bounded on the north by Roosevelt Street, on the south by Harrison Street, on the west by 20th Street, and on the east by 28th Street; that the action was instituted on behalf of the appellants herein and numerous other persons in that district. Two petitions were filed covering different areas requesting annexation and the petitions were consolidated and thereafter treated as one by the commissioners of the City of Phoenix. One of the areas involved, if considered separately, was not contiguous to the City of Phoenix.

Among other things the complaint alleged that a substantial portion of the lands described in the petitions were signed for by persons other than the owners and without the authority of the owners, and that some of the lands included in the petition in order to make up the majority of the valuation of the lands were signed by the city manager of the City of Phoenix, and that such lands belonged to the City of Phoenix and were tax exempt and could not be considered in an annexation proceedings; that churches and schools were signed for by persons acting for them and said lands likewise were exempt from taxation and could not be considered; that the City of Phoenix failed to comply with the city charter and ordinances with respect to publication and giving the necessary notice for annexation purposes.

The complaint of the appellants further alleges that by reason of these defects the commissioners of the City of Phoenix were without jurisdiction to consider the petitions, and also allege that unless the defendants are restrained by order of the court from hearing and considering said petitions, that plaintiffs will suffer immediate and irreparable damage by having imposed upon them tax burdens and erroneous bond indebtedness.

The annexation was sought to be effected by the appellees herein under section 16-701, A.C.A.1939, which reads: *"Annexation by petition of property-owners.*—Any city may extend and increase its corporate limits in the manner following: On presentation of

a petition in writing, signed by the owners of not less than one-half in value of the property in any territory, contiguous to the city, as shown by the last assessment of said property, and not embraced within its limits, the common council of said city may, by ordinance, annex such territory to said city, upon filing and recording a copy of such ordinance, with an accurate map of the territory annexed, certified by the mayor of said city in the office of the county recorder, in the county where the annexed territory is situated."

The only assignment of error by appellants is in essence as follows: That the court erred in making its order granting the motion to dismiss for the reason that the complaint stated a claim against the defendants and each of them. The foregoing assignment of error is supported by the three following propositions of law:

"1. The courts have jurisdiction to determine whether a petition for annexation under Sec. 16-701, A.C.A.1939 is sufficient in form and substance to give the city jurisdiction to act thereon.

"2. Any resident of a district outside the city, paying taxes in such district, may maintain an action for injunction to restrain the city from acting on a petition for annexation of such district when the petition does not have the requisites of a petition as defined in Sec. 16-701, A.C.A.1939 sufficient to give the city commission jurisdiction for the reason that the acts of the city commission in relation to such annexation would be void.

"3. No legislative act is involved where the city attempts to annex contiguous territory based on a void petition, that is; one which does not come within the definition of a petition for annexation as defined in Sec. 16-701, A.C.A.1939."

We think the issues herein are determined in our case of Colquhoun v. City of Tucson, 55 Ariz. 451, 103 P. 2d 269, 271, which case quotes the many Arizona cases referred to by both parties in this case. The facts in the Colquhoun case are that on December 15, 1938, a petition was filed with the board of supervisors asking that an election be held to determine whether a certain area of land contiguous to the City of Tucson should be incorporated as the Town of South Tucson. On December 27th a petition for annexation of substantially the same area to the City of Tucson was filed. with the council of that city, which council immediately passed an ordinance declaring the area annexed. On December 31st the board of supervisors rejected the petition for the election, and on January 5, 1939, an action was filed by appellant Colquhoun against the City of Tucson and others to have the annexation ordinance of the City of Tucson declared void and to restrain defendants, the City of Tucson and others, from recording the map of territory purported to be annexed, or from exercising any municipal jurisdiction over the territory. Upon the trial court giving its judgment in favor of the City of Tucson and others, appeal was taken to this court. While the principal reason given in the

complaint filed by appellant Colquhoun was that the area was not open nor available for annexation because there was then pending before the board of supervisors a proceeding governing the same territory, yet in the opinion on appeal by this court the subject of annexation was so thoroughly treated that we quote from that case, which we think is determinative of the instant case:

"There are two important questions raised by the record. The first is the capacity of plaintiff to maintain this action. It was urged by defendants that under the decision recently rendered by this court in Skinner v. City of Phoenix, 54 Ariz. 316, 95 P. 2d 424, we have held that only the attorney general and the county attorney may question the validity of the annexation of territory to a city. It is claimed by plaintiff that the holding in that case applies only when the annexation has, on the face of the record, been fully completed according to the requirements of the statute, and it is sought to show that these terms were not, as a matter of fact, complied with, and that in the case of Hopkins v. School Dist. No. 11, 20 Ariz. 431, 181 P. 366, we have held in substance that when proceedings changing the boundaries of a municipal corporation have been initiated but not completed, taxpayers of the area involved are proper parties to maintain an action for an injunction against completing the change.

"In the Skinner case it appeared that the municipality, on the face of the record, had taken all of the steps required by the statute to complete the annexation, and that two questions only were involved, (a) the constitutionality of the statute authorizing the annexation, and (b) whether as a matter of fact the statutory requirements were actually complied with. We held that the statute was constitutional, and that a private citizen could not raise the issue that a record which showed on its face that the proceedings required by the statute for annexation had been taken, was as a matter of fact untrue, and that only the attorney general and the county attorney could raise it by quo warranto. But the question was not before the court as to whether when admittedly the annexation had not been completed by the performance of the various acts required by the law a private citizen might prevent their completion on the ground that the city lacked jurisdiction to act at all.

"There can be no question that the legislature might have provided that no taxpayer may ever be heard to question the validity of proceedings to incorporate a municipality or to change its boundaries. Skinner v. City of Phoenix, supra; Territory v. Town of Jerome, 7 Ariz. 320, 64 P. 417. But the rule is a harsh one and should not be extended beyond the circumstances to which the legislature has applied it. In all of the cases cited by us in Skinner v. City of Phoenix, supra, and in that case itself, the record showed that every step necessary to complete the annexation or incorporation had been taken, and the attempt was to annul proceedings regular on their face by proof that the necessary things had not in fact been done.

"In the present case it is admitted for the purpose of the demurrer that the defendants had not completed the statutory steps necessary before the annexation was complete, and the action did not attempt to attack the record, but was to prevent further proceedings on the ground of lack of jurisdiction.

"We affirm the rule laid down in Skinner v. City of Phoenix, supra, but we are of the opinion that it applies only to an attempt to impeach a record which shows on its face a valid proceeding, and that an interested taxpayer may bring an action to prevent the completion of an attempt to change boundaries or incorporate a municipality on the ground of lack of jurisdiction. In the present case the contention was that defendants should be enjoined from proceeding further because under the admitted facts they had no jurisdiction to annex the area involved."

■ A citizen may not attack an annexation ordinance after the same is complete, but may enjoin the city during the process of annexation where it is alleged that the city lacks jurisdiction of the property.

■ Section 26-104, A.C.A.1939, provides no injunction shall issue against a municipal corporation to enjoin legislation. Legislating by a city is not an inherent power, but rather a power delegated by the state legislature. Therefore a city may legislate only within the bounds of its jurisdiction. When it exceeds those bounds it is subject to injunction as any other litigant.

■ In the instant case as a condition precedent to the enactment of the ordinance in question the legislature required under the provisions of section 16-701, supra, that a petition be presented to the city commission signed by the owners of not less than one-half in value of the property in the area sought to be annexed as shown by the last assessment and that said area must be contiguous to the city. We have held this to be an indispensable condition precedent to the enactment of such an ordinance. City of Phoenix v. State ex rel. Harless, 58 Ariz. 8, 117 P. 2d 87. In other words until such petition (meaning a sufficient petition) is filed the commission is without jurisdiction to pass an ordinance of annexation. The determination by the city commission of whether the petition is signed by "the owners of not less than one-half in value of the property in the territory" sought to be annexed by petitioners is a judicial function and therefore subject to review by the court. Parnell v. State ex rel. Wilson, Atty. Gen., 68 Ariz. 401, 206 P. 2d 1047. The city commission found the petition here involved to be sufficient and the ordinance passed two readings. Where the annexation has not been completed a property owner within the area affected may maintain an action to prevent the completion of the annexation and where the city commission is without jurisdiction to pass an ordinance of annexation an injunction will lie to enjoin its enactment. Colquhoun v. City of Tucson, supra.

■■ By our rule of pleading the motion of the appellee to dismiss, which was

granted, admitted the facts well stated in the complaint. Therefore appellees have admitted for the purpose of this motion that large portions of the property included in the petitions were owned by churches and schools and by the State of Arizona exempt from taxation and that other portions included therein were not contiguous to the City of Phoenix and that therefore the city commission is without jurisdiction to annex the territory involved.

The judgment of the trial court is reversed and the cause remanded with instructions to reinstate the complaint.

LA PRADE, C. J., and UDALL, PHELPS, and DE CONCINI, JJ., concurring.