529 P.2d 255

Hugh GIESZL and Ruth Gieszl, husband and wife on behalf of themselves and all others similarly situated, Appellants,

v.

TOWN OF GILBERT, a municipal corporation, Appellee.

No. 1 CA–CIV 2631.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 5, 1974.

Rehearing Denied Jan. 17, 1975.

Review Denied Feb. 25, 1975.

**544**

Smith & Buckley by Darrell F. Smith, Mesa, for appellants.

John T. Zastrow, Phoenix, for appellee.

## OPINION

JACOBSON, Chief Judge.

The main issue on this appeal is the effect of A.R.S. § 19–142(B) (1956), which allows the passage of a municipal ordinance as an emergency measure, making it effective immediately, on A.R.S. § 9–471(D) (Supp.1974) which provides that an annexation ordinance shall not become final until 30 days after the first reading of the ordinance.

Appellants Hugh Gieszl and Ruth Gieszl brought an action against the appellee Town of Gilbert seeking to declare void an order annexing certain unincorporated territory to the Town of Gilbert. Insofar as pertinent to the issues to be dealt with on this appeal, the evidence discloses that in October and December of 1972 proponents of the annexation of an area lying south of the town limits of the Town of Gilbert circulated annexation petitions which the Gieszls refused to sign. After presentation of these petitions to the common council of Gilbert on January 8, 1973, the council adopted the annexation ordinance as an emergency measure.

The town published its annexation ordinance on January 14, 21 and 28, 1973. On February 6, 1973, and within 30 days of the first reading of the annexation ordinance, the Gieszls brought this action in the Superior Court of Maricopa County contesting the validity of the ordinance.

The trial court granted judgment in favor of the Town of Gilbert on the basis:

"4. That § 9–471, Arizona Revised Statutes, as amended, relating to annexation neither expressly nor by implication, precludes the passage, adoption, and approval of an annexation ordinance as an emergency measure.

"5. That § 19–142(B), Arizona Revised Statutes, made Ordinance No. 137 of the Town of Gilbert, Arizona, immediately operative on the 8th day of January, 1973, and the annexation accomplished by the passage, adoption, and approval of Ordinance No. 137 of the Town of Gilbert, Arizona, was final and complete on the 8th day of January, 1973.

\*　　\*　　\*　　\*　　\*　　\*

"7. That as a matter of law the Plaintiffs do not have standing to attack the validity of Ordinance No. 137 of the Town of Gilbert, Arizona, and the annexation accomplished thereby, as said Ordinance was final and complete on the 8th day of January, 1973."

The Gieszls have appealed, raising several issues. However, since we are of the opinion that the trial court never reached the merits of these issues but determined the matter solely on the Gieszls' lack of standing to object, we deal only with this issue on appeal.

To place this matter in proper perspective, it is necessary to examine the historical development of a city's right to annex and of the right of a private citizen to challenge that annexation.

The power of a city to enlarge its boundaries was first granted by the territorial legislature in 1901 (§ 509, R.S.1901). This power has continued unabated until the present with only minor changes in the mechanics of how this was to be accomplished. Although the power to annex has been fairly consistent and of long standing, the right to test the exercise of that power has been the subject of change, primarily by way of judicial interpretation. As early as 1915 it was held that the state, being the creator of municipal corporations, was the only party permitted to question their creation or impeach their corporate existence —by way of quo warranto brought by the

Attorney General or the County Attorney —and that a private citizen had no standing to attack the validity of an accomplished annexation. Faulkner v. Board of Supervisors, 17 Ariz. 139, 149 P. 382 (1915); followed in Skinner v. City of Phoenix, 54 Ariz. 316, 95 P.2d 424 (1939). Having determined that a private citizen had no standing to attack a completed annexation, the Supreme Court held, however, that if the annexation had not been completed, a private citizen could bring an action to prevent the completion of the proposed annexation and had standing to challenge the jurisdiction of the city to perform the annexation. Colquhoun v. City of Tucson, 55 Ariz. 451, 103 P.2d 269 (1940); followed in Gorman v. City of Phoenix, 70 Ariz. 59, 216 P.2d 400 (1950).

With the state of the law in this posture, enterprising municipal attorneys brought into play the emergency powers granted municipalities. Generally, municipal ordinances do not become effective for 30 days following their passage in order to allow the constitutional right of initiative petition to be exercised. In 1912, the legislature granted municipalities the right to have ordinances become effective immediately upon a three-fourths vote of all members of the council provided that the ordinance was "necessary for the immediate preservation of the peace, health or safety of the city . . .." § 10, Chapter 71, Laws 1912, 1st S.S.; § 3335, R.S.1913. Such emergency measure powers remain intact today. A.R.S. § 19–142(B). Thus, if an annexation ordinance was passed as an emergency measure, making the annexation complete immediately, under then existing law the right of a private citizen to attack that annexation was cut off. The Supreme Court so held in Burton v. City of Tucson, 88 Ariz. 320, 356 P.2d 413 (1960).

With this history of judicial interpretation of the individual's right to contest annexation, the legislature in 1967 (Laws 1967, Chapter 93, § 1), stepped in and for the first time gave a statutory right to private citizens to contest annexation. The pertinent amendments to A.R.S. § 9–471 are as follows:

"C. Any city or town, the attorney general, the county attorney, or other interested party may upon verified petition move to question the validity of the annexation for failure to comply with the provisions of subsection A, paragraphs 1 and 2. The petition shall set forth the manner in which it is alleged the city or town has failed to comply with the provisions of subsection A, paragraphs 1 and 2, and shall be filed within thirty days of the first reading of the ordinance annexing the territory by the governing body of the city or town and not otherwise. The burden of proof shall be upon the petitioner to prove the material allegations of his verified petition. No action shall be brought to question the validity of an annexation ordinance unless brought within the time and for the reasons provided in this subsection. All hearings provided by this section and all appeals therefrom shall be preferred and heard and determined in preference to all other civil matters, except election actions. In the event more than one petition questioning the validity of an annexation ordinance is filed, all such petitions shall be consolidated for hearing.

"D. The annexation shall become final after the expiration of thirty days from the first reading of the ordinance annexing the territory by the city or town governing body, provided the annexation ordinance has been finally adopted in accordance with procedures established by statute, charter provisions, or local ordinances, whichever is applicable, subject to the review of the court to determine the validity thereof if petitions in objection have been filed."

The annexation sought by the Town of Gilbert is subject to these amendments. The question thus presented in this appeal is whether the Town of Gilbert may, by the use of its emergency measures power, thwart the right of a private citizen to contest the annexation granted by A.R.S. §

ㄱ-471 as amended. In essence, is Burton v. City of Tucson, *supra,* still the law in Arizona? Being mindful that this court has no power to overrule decisions of the Arizona Supreme Court, McKay v. Industrial Commission, 103 Ariz. 191, 438 P. 2d 757 (1968), we believe not.

■ We reach this conclusion for several reasons. First, in view of the historically rough road private citizens have had to travel in contesting annexations, we believe that the legislative intent is clear that this right is to be granted to citizens and that for at least 30 days a municipality cannot interfere with this right. Such intent leaps from the legislation providing that:

"The annexation shall become final after the expiration of thirty days from the first reading of the ordinance annexing the territory . . . *subject to the review of the court to determine the validity thereof* if petitions in objection have been filed." A.R.S. § 9-471(D). (Emphasis added.)

■ Second, Burton v. City of Tucson dealt with the interpretation of the grants of power by city charter, while the Town of Gilbert's power to annex is strictly statutory. This being so, the sole authority for the Town of Gilbert to accomplish an annexation is dependent upon A.R.S. § 9-471, as amended. City of Tucson v. Garrett, 77 Ariz. 73, 267 P.2d 717 (1954). A. R.S. § 9-471 expressly provides that final annexation cannot be accomplished for 30 days following the first reading of the ordinance. This being the grant of the town's power, it cannot in our opinion, shorten the time in which that grant may be exercised.

■ This brings us to the third reason for our holding. We have stated that the grant of power to annex is limited by the time limitations imposed by A.R.S. § 9-471. Conversely the Town of Gilbert is ostensibly granted the power by A.R.S. § 19-142(B) to waive that time limitation by enacting an emergency measure. We are thus faced with conflicting grants of power. In such a case, we resort to the ordinary rules of statutory construction, being reinforced by a previous determination of legislative intent, and hold that where two statutes conflict, the latter in time (A.R.S. § 9-471) is superior to the former in time (A.R.S. § 19-142(B)), Webb v. Dixon, 104 Ariz. 473, 455 P.2d 447 (1964), and that a specific statute (again A.R.S. § 9-471) takes precedence and controls over a general statute (again A.R.S. § 19-142(B)). State v. Rice, 110 Ariz. 210, 516 P.2d 1222 (1973).

We therefore hold that the emergency powers granted by A.R.S. § 19-142(B) to a municipality not having charter privileges are not effective as to an annexation ordinance passed pursuant to A.R.S. § 9-471 and that such an annexation ordinance does not become effective until 30 days after the first reading of that ordinance.

We further hold that appellants, having filed a contest of that annexation before it became final, had standing to attack that annexation. In so holding, we do not reach the difficult question of whether the actual existence of an emergency as declared by the Town of Gilbert is subject to judicial review.

The judgment of the trial court is reversed and the matter remanded for further proceedings not inconsistent with this opinion.

HAIRE, P. J., and EUBANK, J., concur.