540 P.2d 1239

**CITIZENS FOR ORDERLY DEVELOP-
MENT & ENVIRONMENT, a non-profit
corporation, Appellant,**

v.

**CITY OF PHOENIX, Eaton International
Corporation, a corporation, Indian School
Properties, a partnership, and Chai Mort-
gage Corporation, Appellees.**

No. 12010.

Supreme Court of Arizona,
En Banc.

Oct. 7, 1975.

Brown & Bain, P. A. by Paul V. Bonn, Phoenix, and Shimmel, Hill, Bishop & Gruender, P. C. by George R. Hill, Phoenix, for appellant.

Joe R. Purcell, City Atty., by Edward P. Reeder, Asst. City Atty., Phoenix, for City of Phoenix.

Dushoff & Sacks by Jay Dushoff, Phoenix, for appellee Indian School Properties.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Jeffrey B. Smith, Phoenix, for appellee Chai Mortgage Corp.

JACOBSON, Judge, Court of Appeals.

The controlling issue in this appeal is whether appellant's complaint seeking to declare a proposed zoning amendment void and to enjoin the City from proceeding with the zoning change is premature. We have taken jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, Vol. 17A, A.R.S.

Appellant, Citizens for Orderly Development & Environment is a non-profit corporation which brought an action against appellees, City of Phoenix, Eaton International Corporation (Eaton), Indian School Properties (Properties) and Chai Mortgage Corporation (Chai) seeking declaratory and injunctive relief as to a change in zoning of certain properties located in Phoenix, Arizona. On motion of all the defendants, supported by affidavits, the trial

court dismissed appellant's complaint. This appeal followed.

The controlling facts are not in dispute. Properties is the owner of certain real estate, situated in the vicinity of 3rd Avenue and Indian School Road in the City of Phoenix, which it proposes to sell to Eaton. Chai likewise is the owner of certain property in the vicinity of Central Avenue and Oak Street in the City of Phoenix. Eaton and Chai filed separate applications with the City to rezone their respective properties, together with applications for site approval for high-rise structures. The City Planning Commission approved the proposed rezoning and site plan submitted and forwarded these to the City Council. The City Council also approved the proposed rezoning and site plans subject to certain conditions which had to be accepted by the applicants, Eaton and Chai. A letter from the City to Eaton indicating the City Council's actions stated: "Building permits will not be issued until after these stipulations, and an ordinance setting forth the terms and conditions thereof has been adopted by the council and becomes effective." A similar letter to Chai concluded: "The rezoning change will not become effective until the stipulations have been met and a supplementary zoning map has been adopted and advertised." At the time appellant filed its action in Superior Court, the City had not adopted an ordinance amending the zoning and granting the changes requested by Eaton and Chai.

Appellee's motion to dismiss appellant's complaint was based upon two legal theories: (1) that the action filed by appellant was premature for no official city action had taken place against which legal complaint could be made, and (2) the appellant lacked standing to attack the proposed rezoning. The trial court granted appellee's motion to dismiss on the first ground.

Appellant first argues that the City Council's conditional approval of the rezoning is a "final act" of the legislative process and therefore subject to judicial review. In support of this proposition appellant quotes Part I, Chapter IV, § 8 of the Phoenix City Code (1969) which provides:

"The council shall act only by resolution, ordinance, franchise or *formal recorded action*." (Emphasis added.)

Since the council conditionally approved the rezoning by "formal recorded action", appellant argues that the legislative function of the City has in fact been completed and therefore is subject to judicial review. Aside from the fact that the City itself did not consider its action completed as evidenced by the letters to Eaton and Chai, if appellant is arguing that a rezoning ordinance may be changed by the City Council by a method other than by enactment of a subsequent ordinance of like stature, it is mistaken.

The general rule as to the manner in which rezoning must take place is stated in 1 I. E. Yokly, *Zoning Law and Practice*, § 7–1 at 298 (3d ed. 1965):

"Since land is zoned in a municipality by ordinance passed by its legislative body, the necessary and proper procedure for rezoning land is likewise by ordinance passed by the legislative body of the municipal government."

Arizona adopted this rule in *Nicolai v. Board of Adjustment*, 55 Ariz. 283, 289–90, 101 P.2d 199, 201 (1940):

"We are of the opinion that . . . the better rule is that when an ordinance passed under a statute like ours expressly prohibits the use of property within certain districts for certain purposes . . . any change must be the *legislative body* itself through a new ordinance rezoning the property involved." (Emphasis added.)

■ We therefore hold that the "formal recorded action" of the City Council conditionally approving the rezoning of the Eaton and Chai properties did not have the effect of rezoning these properties, absent a formal ordinance to this effect.

Appellant next argues that even if the City's legislative process in enacting a re-

zoning ordinance has not been completed, courts may enjoin completion of that legislative process if the legislation is unconstitutional or "irregular on its face." In the setting of rezoning ordinances, we disagree.

The public policy in this state prohibiting judicial interference with the legislative process has found expression in A.R.S. § 12–1802(7) (1956), which provides:

> "An injunction shall not be granted:
>
> \*    \*    \*    \*    \*    \*
>
> "7.    To prevent a legislative act by a municipal corporation."

This legislative prohibition has received judicial recognition:

> " 'A municipal council, when acting or proposing to act, in a legislative capacity upon a subject within the scope of its powers, is entitled to the same immunity from judicial interference as is the state legislature or any other law making body.  A court of equity, being vested with judicial, not legislative, powers, cannot properly interpose any obstacle to the exercise of the legislative discretion vested in such municipal bod[ies].' " *City of Phoenix v. Superior Court,* 65 Ariz. 139, 144–45, 175 P.2d 811, 814 (1946).
>
> Also *see, City of Phoenix v. Popkin,* 93 Ariz. 14, 378 P.2d 242 (1963); *Adams v. Bolin,* 74 Ariz. 269, 247 P.2d 617 (1952); *Queen Creek Land & Cattle Corp. v. Yavapai County Board of Supervisors,* 108 Ariz. 449, 501 P.2d 391 (1972).

The only proper method for testing the legality or constitutionality of a legislative enactment, be it municipal, county or state, is by judicial review *after* the enactment and passage of the offending ordinance, resolution or statute. *City of Phoenix v. Fehlner,* 90 Ariz. 13, 363 P.2d 607 (1961); *Iman v. Bolin,* 98 Ariz. 358, 404 P.2d 705 (1965).

Appellant argues, however, that the cases of *Gorman v. City of Phoenix,* 70 Ariz. 59, 216 P.2d 400 (1950) and *Colquhoun v. City of Tucson,* 55 Ariz. 451, 103 P.2d 269

(1940) are authority for the judicial enjoining of the municipal legislative function, prior to adoption of a city ordinance. In a very limited sense, we agree.  Both *Colquhoun* and *Gorman* dealt with annexation ordinances.  The right of a taxpayer to contest the validity of an annexation ordinance has historically in Arizona been a difficult one.  *See, Gieszl v. Town of Gilbert,* 22 Ariz.App. 543, 529 P.2d 255 (1974) for a historical treatment of this subject. Suffice it here to say that unless the right was afforded a private citizen to attack an annexation ordinance prior to its passage such an ordinance could not be subject to judicial review, no matter how illegal. Moreover, given the immediate and irreparable harm that would flow to the taxpayer by annexation (being subject to city regulation, taxation, etc.) and his inability to secure redress after annexation had been accomplished, a judicial exception to the doctrine of judicial abstention was in order.  Also, in view of A.R.S. § 9–471(C) and (D) (Supp.1974) allowing interested parties to attack an annexation ordinance within 30 days after its passage, cases such as *Colquhoun* and *Gorman* may be of more historical significance than legal.  In any event, we find no reason to extend the limited holdings of *Colquhoun* and *Gorman* applicable to annexation ordinances, to rezoning ordinances where no immediate or irreparable harm is present until actual construction is started pursuant to that rezoning and judicial relief can intervene in the appropriate case.

While it might be sophistically argued that since the City Council has expressed its intention of granting the rezoning, there is no reason for courts to await the ministerial function of formalization of that intent before acting.  Sidestepping the possibility that the rezoning applicants in this case may not accept the conditions imposed by the City for granting rezoning and thus no formal action will be taken which would require judicial review, the dangers inherent in litigants involving the courts in judicial meddling with the legis-

lative process are so constitutionally and practically fraught with peril that the policy of judicial abstention must be adhered to even though the legislative expression to act in a certain manner is abundantly clear.

We therefore hold that appellant was not entitled to injunctive relief prior to the passage of the rezoning ordinance sought to be attacked.

 Finally, appellant argues that it really does not seek injunctive relief, but merely a declaration that the proposed legislation would be illegal or unconstitutional. Normally, the courts will not give advisory opinions on proposed legislation. *Crawford v. Favour*, 34 Ariz. 13, 267 P. 412 (1928); *Moore v. Bolin*, 70 Ariz. 354, 220 P.2d 850 (1950); *City of Phoenix v. Superior Court*, 65 Ariz. 139, 175 P.2d 811 (1946). Also, A.R.S. § 12–1832 (1956) provides in part that:

> "Any person . . . affected by a . . . *municipal ordinance* . . . may have determined any question of . . . validity arising under the . . . ordinance . . . and obtain a declaration of rights . . . ." (Emphasis added.)

Here there is no ordinance in existence by which a person could be affected so as to give rise to the jurisdictional prerequisite for invoking declaratory judgment relief. We therefore hold that the trial court could not properly entertain jurisdiction to declare the validity of this proposed ordinance, prior to its actual adoption.

Since we have determined that the trial court properly dismissed appellant's complaint as being premature, we need not reach the issue of the standing of the appellant to maintain this action.

For the foregoing reasons, the judgment of the trial court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.

The Honorable LORNA LOCKWOOD having requested that she be relieved from sitting in this matter, the Honorable EINO M. JACOBSON, Judge of the Court of Appeals, was asked to sit in her place and stead.