596 P.2d 389

**RURAL/METRO FIRE DEPT., INC., an Arizona Corporation, Rural Fire Dept., Inc., an Arizona Corporation, and Stephen Kern, an Individual, Plaintiffs-Appellants,**

v.

**PIMA COUNTY, a Body Politic and Political Subdivision of the State of Arizona, Flowing Wells Volunteer Fire Department, Inc., a Purported Arizona Corporation, and Flowing Wells Volunteer Fire District, a Purported Body Politic, Defendants-Appellees.**

No. 2 CA–CIV 3140.

Court of Appeals of Arizona, Division 2.

June 5, 1979.

Law Offices of Louis G. Jekel by Louis G. Jekel, Scottsdale, for plaintiffs-appellants.

Stephen D. Neely, Pima County Atty. by John R. Neubauer, Tucson, for defendants-appellees Pima County and Flowing Wells Volunteer Fire Dist.

Newkirk & Beren, P. C. by Peter Beren, Tucson, for defendant-appellee Flowing Wells Volunteer Fire Dept., Inc.

OPINION

RICHMOND, Chief Judge.

The question on this appeal from a summary judgment in favor of defendants is whether the annexation of certain property to a volunteer fire district had been com-

pleted at the time plaintiffs commenced an action attacking its validity.

The complaint filed May 4, 1978, alleges that plaintiff Kern is a qualified elector of the territory which was the subject of the annexation; that plaintiffs Rural/Metro Fire Department, Inc. and Rural Fire Department, Inc., are Arizona corporations providing fire protection service to an area including the subject of the annexation; and that the annexation was invalid because of non-compliance with subsections A and B of A.R.S. § 9–1006, which provides:

*Procedure for annexation of territory*

A. When the qualified electors of territory contiguous to an unincorporated town having a volunteer fire district desire their territory to be annexed by such district, they shall present to the chief of the district or if there is a district board, to the chairman of such board a written petition, signed by at least fifty-one per cent of the qualified electors in the territory proposed to be annexed, which shall be submitted to the board of supervisors, with the recommendation of the chief or the chairman.

B. Upon receipt of a petition for the annexation of territory to that of an unincorporated town having a volunteer fire district, the board shall set a day, not less than ten nor more than thirty days from such receipt, for a hearing, and the clerk of the board shall cause to be published in a paper of general circulation in the county a notice setting forth the purpose of the petition and the day, hour and place of hearing.

C. Upon hearing the petition, the board shall hear those who appear for and against the petition and shall determine whether it is to the best interest of the property owners of the area to be annexed and of the annexing district to permit the annexation. The board shall enter its order setting forth its determination in the minutes of the meeting of the board not later than ten days from the date of the hearing, and a copy of the order shall be filed in the county record-er's office. The order of the board shall be final, but if the petition is denied then a petition for annexation may be filed at intervals of six months. The cost of publication of the notice of hearing shall be a charge against the fund of the volunteer fire district to which annexation is desired.

D. Upon approval by the board of a petition for annexation, the annexed district shall become a part of the annexing district and subject to all of the provisions of this article to the same extent as though originally included therein.

The defendants filed a motion to dismiss based in part on the ground that the court lacked jurisdiction over the subject matter because suit was not timely filed.

It is well settled in this state that a private citizen has no standing to attack the validity of a completed annexation. *Faulkner v. Board of Supervisors*, 17 Ariz. 139, 149 P. 382 (1915); *Skinner v. City of Phoenix*, 54 Ariz. 316, 95 P.2d 424 (1939); *Burton v. City of Tucson*, 88 Ariz. 320, 356 P.2d 413 (1960); *Gieszl v. Town of Gilbert*, 22 Ariz. App. 543, 529 P.2d 255 (1974). If, however, the annexation has not been completed, a private citizen can bring an action to prevent the completion of the proposed annexation and has standing to raise a jurisdictional challenge. *Colquhoun v. City of Tucson*, 55 Ariz. 451, 103 P.2d 269 (1940); *Gorman v. City of Phoenix*, 70 Ariz. 59, 216 P.2d 400 (1950); *Gieszl*, supra.

We agree with the trial court that when plaintiffs filed this action the annexation was complete and they therefore had no standing to attack it. On February 6, 1978, when the Pima County Board of Supervisors by a resolution valid on its face approved the annexation petition and declared the property annexed to the Flowing Wells Volunteer Fire District, the board made a final determination of the proceedings before it. The annexation statute contains no provision for appeal. Availability of other means of judicial review did not make the proceedings before the board any less com-

plete or final. *Burton v. City of Tucson,* supra. The annexation having been completed in February by an order lawful on its face, plaintiffs could not attack its validity by an action commenced in May. Defects in form and procedure prior to enactment of the ordinance could be raised only by designated public officers by quo warranto. *Burton v. City of Tucson,* supra; *see also City of Scottsdale v. McDowell Mountain Irrigation and Drainage District,* 107 Ariz. 117, 483 P.2d 532 (1971). The trial court correctly dismissed the complaint.

In view of our disposition of the case we need not consider other grounds for the dismissal.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.