514 P.2d 736

Thomas S. JAY, Dennis Weaver and James Murphy, each as members of the Board of Supervisors, Pima County Arizona; Pima County Arizona, a body politic, and the Board of Supervisors, Pima County, Arizona, Appellants,

v.

James D. KREIGH and Steve Engle, as representatives of those certain petition signers for the proposed Town of Oro Valley, Appellees, and the Honorable Herbert E. Williams, City Attorney of the City of Tucson, Amicus Curiae.

No. 2 CA–CIV 1305.

Court of Appeals of Arizona, Division 2.

Oct. 4, 1973.

Review Granted Dec. 4, 1973.

Robert N. Hillock, Sp. Counsel to the Board of Supervisors, Tucson, for appellants.

Johnson, Hayes & Dowdall, Ltd. by John G. Stompoly, Tucson, for appellees.

Herbert E. Williams, Tucson City Atty. by Enos P. Schaffer, Asst. City Atty., Tucson, for amicus curiae.

## OPINION

HOWARD, Judge.

Appellants, the Board of Supervisors of Pima County, Arizona, appeal from the granting of a writ of mandamus by the trial court ordering the Board to declare the in-

corporation of the town of Oro Valley. The pertinent facts leading to the issuance of the writ are as follows.

■ On March 16, 1970, appellees, two signers of the incorporation petition which is the subject of this action, filed the petition with the Board of Supervisors asking the Board to declare the community of Oro Valley to be an incorporated town as provided by A.R.S. § 9–101. A hearing was held by the Board on April 21, 1970, at which the proposed incorporation was denied. The mandamus action was commenced on April 22, 1970. On March 31, 1972, the trial court entered its minute entry order finding for the appellees and directing the incorporation of the area. Appellees had requested findings of fact and conclusions of law.[1] Following submission of the proposed finding of fact and conclusion of law and objections thereto the court on June 15, 1972, entered judgment in favor of the appellees. On May 24, 1972, prior to the entry of judgment the City of Tucson annexed an area within six miles of the proposed townsite. A.R.S. § 9–101.01 prohibits the Board from incorporating any community within six miles of any incorporated city or town having a population of five thousand or more.

■ The question before us is whether the trial court erred in issuing the writ of mandamus, to which we respond in the affirmative.

The legislature provided in A.R.S. §§ 9–101 and 9–471 that cities and counties have jurisdiction to commence annexation and incorporation proceedings respectively. ". . . when one body has the authority to annex territory to a municipality, while another is given the jurisdiction to erect such territory into an independent municipality, the one which first obtains jurisdiction of proceedings for either purpose is entitled to retain it without interference by the other until the first proceedings are finally determined." Colquhoun v. City of Tucson, 55 Ariz. 451, 103 P.2d 269 (1940). ". . . when the Board of Supervisors heard and denied appellants' petition, the 'proceedings' before it were finally determined. . . . That the petitioners might apply to a court for review by certiorari does not make the proceedings before the Board any more complete." Burton v. City of Tucson, 88 Ariz. 320, 356 P.2d 413 (1960).

A.R.S. § 9–101.01 provides:

"A. Notwithstanding any other provisions of law to the contrary, all territory within six miles of an incorporated city or town, as the same now exists or may hereafter be established, having a population of five thousand or more as shown by the most recent federal census, and all territory within three miles of any incorporated city or town, as the same now exists or may hereafter be established, having a population of less than five thousand as shown by the most recent federal census is declared to be an urbanized area.

B. No territory within an urbanized area shall hereafter be incorporated as a city or town, and the board of supervisors shall have no jurisdiction to take any action upon a petition to incorporate a city or town within such area, unless:

1. There is submitted with the petition for incorporation a resolution adopted by the city or town causing the urbanized area to exist approving the proposed incorporation; or

2. There is filed with the board of supervisors an affidavit stating that a proper and legal petition has been pre-

---

1. The judgment was not effective until it was reduced to writing, signed and filed. Arizona Rules of Civil Procedure, Rule 58(a), 16 A.R.S.; Bailey v. Superior Court, 97 Ariz. 293, 399 P.2d 907 (1965).

sented to the city or town causing the urbanized area to exist requesting annexation of the area proposed for incorporation and such petition has not been approved by a valid ordinance of annexation within one hundred twenty days of its presentation.

C. If such resolution or affidavit is filed with the board of supervisors, the board shall proceed with incorporation of the area."

\*　\*　\*　\*　\*　\*

The effect of the city's annexation of territory making part of the proposed town of Oro Valley within the six-mile limit was to deprive the Board of Supervisors of jurisdiction to declare Oro Valley an incorporated town. This action was taken before the court issued the writ of mandamus. The trial court could not order the Board to do what it no longer had authority to do. Mandamus will not issue to enforce an abstract right which by reason of occurrence of an event subsequent to commencement of proceedings makes issuance of the writ of no practical value to petitioner. Clementine v. Board of Civil Service Com'rs., 47 Cal.App. 112, 117 P.2d 369 (1941).

▆ Appellees have no constitutional right to judicial review of the Board's denial of their incorporation petition. Burton v. City of Tucson, supra. Petitioners for incorporation are mere supplicants with no rights beyond those which the legislature had, in enacting the general law of municipal incorporation, seen fit to give them. City of Tucson v. Garrett, 77 Ariz. 73, 267 P.2d 717 (1954). "A writ of mandamus is an extraordinary and expeditious legal remedy which proceeds on the assumption that the applicant has an immediate and complete legal right to the thing demanded." Rhodes v. Clark, 92 Ariz. 31, 373 P.2d 348 (1962).

Judgment reversed.

HATHAWAY, C. J., and KRUCKER, J., concur.