518 P.2d 122

Thomas S. JAY, Dennis Weaver and James Murphy, each as members of the Board of Supervisors, Pima County, Arizona; Pima County, Arizona, a body politic, and the Board of Supervisors, Pima County, Arizona, Appellants,

v.

James D. KREIGH and Steve Engle, as representatives of those certain petition signers for the proposed Town of Oro Valley, Appellees,

and

The Honorable Herbert E. Williams, City Attorney of the City of Tucson, Amicus Curiae.

No. 11374–PR.

Supreme Court of Arizona, In Banc.

Jan. 28, 1974.

Rehearing Denied March 5, 1974.

Robert N. Hillock, Special Counsel to the Board of Supervisors, Tucson, for appellants.

Johnson, Hayes & Dowdall, Ltd., by John G. Stompoly, Tucson, for appellees.

Herbert E. Williams, Tucson City Atty., by Enos P. Schaffer, Asst. City Atty., Tucson, for amicus curiae.

CAMERON, Vice Chief Justice.

This is a petition for review of an opinion and decision of the Court of Appeals, Division Two, 20 Ariz.App. 565, 514 P.2d 736 (1973), reversing the judgment of the Superior Court which ordered the Board of Supervisors of Pima County to incorporate the Town of Oro Valley.

We must consider three questions:

1. Has the question been rendered moot by the expansion of the Tucson city limits to within six miles of the proposed town between the time of the minute entry order of judgment and the formal written judgment?

2. Did the trial court exceed its jurisdiction in setting aside the decision of the Board of Supervisors?

3. Is the statute (§ 9–101 A.R.S.) unconstitutional in that it limits the signers of incorporation petitions to real property taxpayers, excluding non-property owning residents?

The facts necessary for a determination of this matter on review are as follows. On 16 March 1970 appellees, along with more than two thirds of the real property taxpayers of an area slightly more than six miles beyond the northwestern limits of the City of Tucson, Arizona, and containing more than 500 inhabitants, filed a petition with the Pima County Board of Supervisors for the incorporation of their community into the Town of Oro Valley. A hearing on the matter was held on 21 April 1970, and the petition was denied. On 22 April 1970 appellees filed an action in the Superior Court of Pima County for a writ of mandamus to compel the Board of Supervisors to order the approval of the incorporation petition. Motion for change of venue was granted and the matter was heard by the Honorable T. J. Mahoney of the Superior Court of Pinal County.

At the hearing testimony was produced that showed that the proposed town consisted of 2.55 square miles or approximately 1600 acres. It is located roughly along the Tucson-Florence highway, bounded on the south by Hardy Road. The population is unevenly distributed. The southern section consists of Shadow Mountain East and Shadow Mountain, and the northern section consists of Oro Valley Estates, both areas containing one acre subdivisions. The area between is more sparsely inhabited, a large portion of the homesites located on 10 acre lots. Canyon Del Oro High School is located in this mid-area. The area is one of low density population with very little commercial or business activity and lacking a commercial or business center.

. The trial judge, after hearing the evidence, on 31 March 1972, entered a minute entry order directing the Board to incorporate, but due to illness of the judge, formal written judgment was not signed until 15 June 1972. In the meantime, on 24 May 1972, the City Council of the City of Tucson passed an ordinance annexing territory contiguous to the city limits, bringing the proposed townsite of Oro Valley within the six mile limit set forth by § 9–101.01 A.R.S. Appellants appealed the judgment to the Court of Appeals raising, among other issues, the question of whether the annexation by the city rendered the matter moot because the Board lacked jurisdiction to incorporate within six miles of the city limits of an existing city.

## IS THE QUESTION MOOT?

The Court of Appeals, relying on Colquhoun v. City of Tucson, 55 Ariz. 451, 103 P.2d 269 (1940) and Burton v. City of Tucson, 88 Ariz. 320, 356 P.2d 413 (1960), reversed the judgment of the Superior Court, reasoning as follows:

"The effect of the city's annexation of territory making part of the proposed town of Oro Valley within the six-mile limit was to deprive the Board of Supervisors of jurisdiction to declare Oro Valley an incorporated town. This action was taken before the court issued the writ of mandamus. The trial court could not order the Board to do what it no longer had authority to do. Mandamus will not issue to enforce an abstract right which by reason of occurrence of an event subsequent to commencement of proceedings makes issuance of the writ of no practical value to petitioner. * * *" Jay v. Kreigh, supra, 514 P.2d at 738.

In Colquhoun v. City of Tucson, supra, this court enunciated the proposition that " * * * when one body has the authority to annex territory to a municipality, while another is given the jurisdiction to erect such territory into an independent municipality, the one which first obtains jurisdiction of proceedings for either pur-

pose is entitled to retain it without interference by the other until the first proceedings are finally determined." 55 Ariz. at 456, 103 P.2d at 271. Although in the instant case the territory sought to be annexed is not the same as that sought to be incorporated, we think the principle applies equally as well where, as here, the accomplishment of the one would defeat the other.

■ In Burton v. City of Tucson, supra, we held that for purposes of the Colquhoun principle, incorporation proceedings are "finally determined" when the Board denies the petition. While recognizing that review of the Board's decision by application for a writ of certiorari might be proper, we also noted that there is neither a statutory nor a constitutional right of appeal which would continue the proceedings. We feel that Burton is clearly distinguishable from the case at hand. In Burton the Board of Supervisors denied the incorporation petition and, prior to the petitioners' invoking the jurisdiction of the Superior Court, the city immediately thereafter annexed the subject territory. Only after the annexation by the city did the petitioners in Burton attempt to compel the incorporation by the Board and enjoin the annexation by the city. Here the Board of Supervisors denied the petition and the action for writ of mandamus was immediately filed. The matter was tried and determined, albeit by minute entry, before the City of Tucson attempted to defeat incorporation. Assuming that the Board of Supervisors had a duty to declare the Town of Oro Valley incorporated in the first place, the trial court had jurisdiction to order the Board of Supervisors to do what the Board ought to have done in the first place, and once the Superior Court acquired jurisdiction over the subject matter of the incorporation of Oro Valley and parties thereto, the Tucson City Council could not oust the court of that jurisdiction by the annexation of territory within 6 miles of the new town.

Having determined that the Court of Appeals erred in reversing the judgment of the Superior Court on the ground of mootness, we must now consider the other issues raised by the appellants but not considered by the Court of Appeals.

## SCOPE OF REVIEW

■ The first of the remaining issues concerns the scope of review of the action of the Board of Supervisors in denying a petition for incorporation. At the time this action was commenced, § 9–101 A.R.S. read as follows:

"A. When two thirds of the real property taxpayers residing in a community containing a population of five hundred or more inhabitants petition the board of supervisors, setting forth the metes and bounds of the community, and the name under which the petitioners desire to be incorporated, and praying for the incorporation of the community into a city or town, and the board is satisfied that two thirds of the real property taxpayers residing in the community have signed the petition, it *shall,* by an order entered of record, declare the community incorporated as a city or town." (Emphasis added)

We read this statute to mean that if the petition for incorporation meets all of the requirements prescribed by §§ 9–101 and 9–101.01 A.R.S., then the Board must order the incorporation of the city or town.

Appellants contend, however, that review of a Board's denial of a petition for incorporation is limited to determining whether there has been an abuse of discretion.

■ Where, as here, we have a direct attack upon the action of the Board of Supervisors which, in effect, denied the existence of facts which would compel the approval of the incorporation, the determination of the existence of such facts is a judicial matter and properly to be determined by the court. Parnell v. State ex rel. Wilson, 68 Ariz. 401, 206 P.2d 1047 (1949); Hunt v. Norton, 68 Ariz. 1, 198

P.2d 124, 5 A.L.R.2d 668 (1948); State v. Downey, 102 Ariz. 360, 430 P.2d 122 (1967).

The testimony of two members of the three member Board of Supervisors before the court indicated that the Board denied the petition solely on the belief by the Board that a community within the purview of subsec. D of § 9–101 A.R.S. did not exist. § 9–101(D) reads as follows:

"D. For the purposes of this section, the word community shall mean a locality in which a body of people reside in more or less proximity having common interests in such services as public health, public protection, fire protection, and water which bind together the people of the area, and where the people are acquainted and mingle in business, social, educational and recreational activities."

In a strikingly similar fact situation we stated:

"Finally the appellant contends that 'The Town of Paradise Valley' here sought to be incorporated does not constitute a community as defined by A.R.S. § 9–101, subsec. D, in that it contains no businesses nor industries, no retail stores, no professional nor governmental offices, no transportation facilities.

"The appellant refers to the area as a 'bedroom area' of R–2 zoned residences and urges that it is not a locality '*in which*' and 'where' the people '*mingle*' in business, social, educational, and recreational activities. Appellant argues further that the aerial photo in evidence as well as the map attached to the incorporation petition clearly show that the corporate lines were so drawn as to exclude businesses, recreational and social and religious areas and certain residences, some of which, but for gerrymandering, would be in the heart of the area.

"We have considered appellant's contentions under A.R.S. § 9–101, subsec. D, and find them to be without merit. Certainly a body of several hundred people residing within an area of 2.85 square miles 'reside in 'more or less proximity'.

The people of the area have common interests in such services as public health, public protection, fire protection and water. The fact that some or most of these services may come from without the area or be available to others who are without the area sought to be incorporated does not make the interests in such services any less common to people within the area. We believe the statute does not contemplate that all such services be in existence at the time a community seeks incorporation.

"We do not believe that there was a legislative intent to require that to be incorporated an area must have a shopping center or a business district in order to be 'acquainted and mingle in business'. The record shows they have similar business interests, professions, and occupations. We believe the definition of a community under A.R.S. § 9–101 subsec. D has been met." State v. Downey, supra, 102 Ariz. at 366, 430 P.2d at 128.

■ In the instant case, the trial court found that the proposed townsite met all of the requirements for incorporation and the record before this court amply supports that position.

## UNCONSTITUTIONALITY OF § 9–101 A.R.S.

■ Appellants also contend that the petition for incorporation was invalid because at the time this action was commenced, § 9–101 A.R.S. was unconstitutional in that only owners of real property could be signers of the incorporation petition. Appellants cite City of Phoenix v. Kolodziejski, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523 (1970). It is not indicated either in the briefs nor in the record that there are or were substantial numbers of residents of the area who were not owners of real property. We need not consider this matter, however, since appellants, who have not been injured by the allegedly unconstitutional statute, have no standing to raise the issue. Town of South Tucson v. Board of Supervisors of Pima County, 52

Ariz. 575, 84 P.2d 581 (1938); McKinley v. Reilly, 96 Ariz. 176, 393 P.2d 268 (1964), appeal dismissed 381 U.S. 276, 85 S.Ct. 1457, 14 L.Ed.2d 431.

Opinion and decision of the Court of Appeals, 20 Ariz.App. 565, 514 P.2d 736 (1973), is hereby vacated and judgment of the Superior Court is affirmed.

HAYS, C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.

HOLOHAN, Justice (concurring):

I concur in the result.