733 P.2d 1152

**FOUNTAIN HILLS CIVIC ASSOCIATION, INC., a nonprofit corporation acting on behalf of all members of the Association and all others similarly situated; Ruth Collins, Plaintiffs-Appellees,**

**v.**

**CITY OF SCOTTSDALE, an Arizona municipal corporation, Intervenor-Defendant Appellant.**

**No. 1 CA–CIV 8658.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 2, 1986.

Review Denied March 11, 1987.

Carmichael, McClue & Powell, P.C. by Claudia Kroman, Ronald W. Carmichael, Phoenix, for plaintiffs-appellees.

Nick Dottermann, Asst. City Atty., Scottsdale, for intervenor-defendant appellant.

## OPINION

GRANT, Judge.

The City of Scottsdale (City), which was permitted to intervene below as a party defendant after the trial court made its decision on the merits, appeals from a judgment ordering the Maricopa County Board of Supervisors to call an election pursuant to A.R.S. § 9–101.03 concerning the proposed incorporation of Fountain Hills. The City also appeals the trial court's order denying its motion for a new trial. We have jurisdiction of the appeal pursuant to A.R.S. § 12–2101(B) and (F)(1).

## ISSUES

The appeal presents the following issues for our consideration: (1) whether a May 1983 resolution of the Scottsdale city council that approved the proposed incorporation of Fountain Hills was still in effect on January 2, 1985, when the instant petition for incorporation was filed with the Maricopa County Board of Supervisors; (2) whether the trial court had jurisdiction to order the Maricopa County Board of Supervisors to call an incorporation election after the expiration of the 120–day period provided in A.R.S. § 9–101.03; (3) whether the City's repeal of its 1983 resolution approving the incorporation of Fountain Hills deprived the Maricopa County Board of Supervisors and the trial court of jurisdiction to order an incorporation election; (4) whether the trial court lacked jurisdiction to render a decision on the merits of this action absent joinder of the City of Scottsdale; and (5) whether the trial court erred in denying the City's motion for new trial.

## FACTS

The record establishes the following facts material to the issues before us. In May 1983 a petition for the incorporation of Fountain Hills, Arizona was signed by at least 20 percent of the qualified voters in the area sought to be incorporated. On May 16, 1983 the Scottsdale city council adopted resolution 2317 approving the pro-

posed incorporation.[1] On the same date the Mesa city council adopted resolution 5209 approving the proposed incorporation.

The petition for incorporation was later filed with the Maricopa County Board of Supervisors in accordance with A.R.S. §§ 9–101.01(B)(1) and 9–101.03. Attached were copies of Scottsdale resolution 2317 and Mesa resolution 5209. An incorporation election was held in Fountain Hills on October 20, 1983, and the proposed incorporation was defeated. At the end of 1984, a second petition for incorporation of Fountain Hills was circulated and signed by the required number of qualified voters. The area sought to be incorporated was exactly the same as that which was the subject of the previous unsuccessful incorporation effort. The petition was filed with the Maricopa County Board of Supervisors on January 2, 1985. Attached were copies of the Scottsdale and Mesa approval resolutions which had been submitted with the previous incorporation petition. On January 10, 1985, the Maricopa County Attorney advised the Maricopa County Board of Supervisors as follows:

A.R.S. 9–101.03 was specifically enacted to allow for the incorporation of the Fountain Hills area if they complied with the statutes. One of the requirements for the incorporation is a resolution from an incorporated city or town within three to six miles from the proposed incorporated area approving the proposed incorporation. The incorporators of Fountain Hills complied with this requirement on their first attempt to incorporate in 1983. Both the City of Mesa and the City of Scottsdale provided a resolution consenting to the incorporation. However, it is my opinion they cannot use the 1983 resolutions from these two towns to

meet the statutory requirement for the second attempt to incorporate. They must approach both cities for new resolutions.

Since current resolutions have not been filed with the petitions to incorporate, it is my opinion that the Board of Supervisors does not presently have a matter before them which they can act upon.

The record contains no indication that the Maricopa County Board of Supervisors took any formal action on the petition for incorporation filed on January 2, 1985.

On January 14, 1985 the Scottsdale city council adopted resolution 2549, which provided in part:

WHEREAS, on May 16, 1983, the Council of the City of Scottsdale adopted Resolution 2317 pursuant to Arizona State law regarding the incorporation of Fountain Hills; and,

WHEREAS, the City Council of the City of Scottsdale wishes to clarify any confusion that may exist regarding the legal sufficiency of said Resolution;

NOW, THEREFORE, BE IT RESOLVED by the Council of the City of Scottsdale, Arizona, as follows:

SECTION 1. That Resolution 2317 is hereby repealed and is no longer of any force or effect.

On May 6, 1985 the Scottsdale city council again considered the proposed incorporation of Fountain Hills. It rejected a proposed approval resolution by a vote of four to three.

On June 25, 1985 appellee Fountain Hills Civic Association (Association) filed its complaint in the instant special action, naming Maricopa County and its Board of Supervisors as defendants. The complaint re-

---

1. The resolution provided in part:

WHEREAS, there has been submitted to the City Council of the City of Scottsdale, a petition for incorporation by certain residents of the area known as Fountain Hills, Maricopa County, and

WHEREAS, the Council of the City of Scottsdale approves the proposed incorporation;

NOW, THEREFORE, BE IT RESOLVED by the Council of the City of Scottsdale, as follows:

SECTION 1. That the City of Scottsdale approves the proposed incorporation of the area described in Exhibit "A" and as shown on the map marked Exhibit "B", which exhibits are attached hereto and by this reference made a part hereof, and which is commonly referred to as the Fountain Hills area.

quested a declaration that the Board had exclusive jurisdiction over the 1985 petition for incorporation and prayed for an order compelling the Board to call an incorporation election for Fountain Hills. The Board of Supervisors thereafter moved to dismiss the complaint. At the request of the Board's counsel, the trial court ordered that the trial on the merits be joined with the hearing on the motion to dismiss. On August 8, 1985 the trial court issued a minute entry that ruled in favor of the Association and ordered the Board to call an incorporation election.

After the trial court issued its ruling, the City learned that the Board of Supervisors did not intend to appeal. On August 19, 1985 the City moved to intervene in the special action as a party defendant. The trial court granted the motion pursuant to rule 24(a), Arizona Rules of Civil Procedure. The court's order permitted the City to file any post-trial motions and to appeal, as it deemed necessary.

The City thereafter filed motions for a new trial and to vacate the judgment. The trial court denied the motions and entered judgment for the Association in accordance with its minute entry ruling. The City timely appealed. On the City's motion, the trial court later stayed the operation of the judgment pending appeal.

## LEGAL DISCUSSION

Both the first and the second petitions for the incorporation of Fountain Hills sought incorporation under A.R.S. § 9-101.03. That section provides in pertinent part:

A. As an alternate procedure for incorporation, any unincorporated community containing a population of two thousand five hundred persons or more, if such community includes all of the territory of four districts organized under title 48, chapter 10 and all of the territory of a district organized under title 48, chapter 14, may incorporate as a city or town if each of the following events occurs:

1. At least twenty per cent of the qualified electors of the community petition the board of supervisors, setting forth the metes and bounds of the community, stating the name proposed for the city or town, praying for the incorporation of the community into a city or town and praying for the calling of an election for the purpose of deciding the question of whether to incorporate. The board shall within sixty days after filing the petition call the election, and the election shall take place on such date as the board may designate but not more than one hundred twenty days after the filing of such petition, except that no such election may be called within twelve months from the date of a previous election for incorporation of substantially the same territory.

Laws 1983, ch. 77, § 1, *Amended by* Laws 1985, ch. 190, § 27. The incorporation petitions were also governed by A.R.S. § 9-101.01, which provides in pertinent part:

A. Notwithstanding any other provisions of law to the contrary, all territory within six miles of an incorporated city or town, as the same now exists or may hereafter be established, having a population of five thousand or more as shown by the most recent federal census, and all territory within three miles of any incorporated city or town, as the same now exists or may hereafter be established, having a population of less than five thousand as shown by the most recent federal census is declared to be an urbanized area.

B. No territory within an urbanized area shall hereafter be incorporated as a city or town, and the board of supervisors shall have no jurisdiction to take any action upon a petition to incorporate a city or town within such area, unless:

1. There is submitted with the petition for incorporation a resolution adopted by the city or town causing the urbanized area to exist approving the proposed incorporation; or

2. There is filed with the board of supervisors an affidavit stating that a proper and legal petition has been

presented to the city or town causing the urbanized area to exist requesting annexation of the area proposed for incorporation and such petition has not been approved by a valid ordinance of annexation within one hundred twenty days of its presentation.

The City of Scottsdale contends that its 1983 resolution was only effective for purposes of the 1983 incorporation election, and accordingly was legally insufficient as an approval resolution under A.R.S. § 9–101.01(B)(1) for the incorporation petition filed on January 2, 1985. The City offers a number of arguments in support of this contention. It notes that the recitals in the 1983 resolution referred to the particular incorporation petition that was submitted to the Scottsdale city council before it adopted the resolution. The City asserts that the resolution was thus intended to grant approval only for the incorporation election to be held pursuant to that particular petition. The City also notes that, as distinguished from an ordinance, a resolution that is adopted for a particular and temporary purpose continues for a reasonable period only and terminates without the need for a formal repeal.

The City contends that under A.R.S. § 9–101.03(A)(1), an incorporation election must take place within 120 days after the incorporation petition is filed, and may not be repeated for at least twelve months. The City argues this means that when an incorporation is rejected by the voters, the entire petition process, including the obtaining of approvals from neighboring municipalities under A.R.S. § 9–101.01(B)(1), must begin again. The City cites *Snyder v. Lena*, 145 Ariz. 583, 703 P.2d 527 (App. 1985) for the proposition that the purpose of A.R.S. § 9–101.01(B) was to grant existing cities a degree of control over proposed incorporations close to their municipal boundaries. The City urges that this purpose would be disserved by allowing the requirement of an approval resolution to be satisfied with a resolution adopted in connection with an earlier unsuccessful attempt at incorporation.

We agree that the City of Scottsdale's 1983 resolution was legally insufficient to satisfy A.R.S. § 9–101.01(B)(1) in connection with the 1985 incorporation petition. A.R.S. § 9–101.03(A) clearly contemplates that more than one petition for incorporation of an area may be urged. Although A.R.S. § 9–101.01(B)(1) does not specifically demand the submission of a new approval resolution for each such petition, it requires "a resolution ... approving the proposed incorporation."

 A resolution adopted for a particular and temporary purpose continues in effect only for a reasonable period of time. *See Benson v. City of DeSoto*, 212 Kan. 415, 510 P.2d 1281 (1973); 5 McQuillan, *Municipal Corporations*, § 15.42 at 120–21 (3d Ed.1981). We agree that the City's 1983 resolution was intended to exist only for that specific incorporation election and only until the incorporation election was held. We believe that under the statutory scheme a resolution applies only to a particular attempt to incorporate the affected area. Otherwise, until such a resolution is expressly rescinded, it would continue in effect for an undeterminable time period or until the contemplated incorporation was achieved.

Such a result is contrary to both public policy and to the statutory scheme for incorporation set forth in A.R.S. § 9–101 *et seq. Cf. Quaglia v. Incorporated Village of Munsey Park*, 54 A.D.2d 434, 389 N.Y. S.2d 616 (1976), aff'd, 44 N.Y.2d 772, 406 N.Y.S.2d 30, 377 N.E.2d 473 (1978). In a rapidly developing area such as the one involved here dramatic changes often occur in a year's time. Indeed, the City of Scottsdale's reason for intervention below was that the county failed to present evidence of changed circumstances to the court. In certain cases, a city may substantially change its policy regarding annexation within a year's time. New developments, population growth spurts, or a change in population trends may and often do occur within a short period of time in Arizona causing a city to alter its planning policies. The City submitted an affidavit

by its city manager as Exhibit D to its motion to intervene below setting forth actual examples of such changes.

The City's 1983 resolution itself makes specific reference to the 1983 petition for incorporation submitted to it. By way of preamble, the first recital of the 1983 resolution acknowledged the submission of "a petition for incorporation by certain residents of the area known as Fountain Hills, Maricopa County."

We hold that the entire statutory scheme for the incorporation of cities indicates a legislative intent that each incorporation attempt be a discrete and self-contained event and that each new attempt at incorporation start anew and meet *all* statutory requirements, including the obtaining of a new resolution from all cities within six miles of the proposed incorporation. We further note that A.R.S. § 9–101.03(A)(1) contemplates a very specific time frame within which an incorporation election is to take place and prohibits a repetition of such an election for at least one year. Clearly, a stale resolution has no place in this statutory scheme delineated by such specific time periods.

Under this statutory procedure and in view of the circumstances involved, the Board of Supervisors thus lacked authority to order an incorporation election in 1985 based upon the 1983 Scottsdale City Council resolution. We hold this resolution was instead effective only for the one incorporation election held in 1983 and that the Board was within its discretion in declining to act upon the petition submitted in 1985 based on the 1983 resolution. We therefore need not determine whether the Scottsdale City Council's resolution 2549 adopted January 14, 1985, which repealed its 1983 resolution 2317, had any legal consequence as the result of application of the "first-in-time" rule since the incorporation petition was then pending before the Board. *See generally Colquhoun v. City of Tucson*, 55 Ariz. 451, 103 P.2d 269 (1940); *Jay v. Kreigh*, 110 Ariz. 299, 518 P.2d 122 (1974); 1 McQuillan, *Municipal Corporations* § 3.20 (3d ed. 1971).

Assuming the "first-in-time" rule deprived the Scottsdale City Council of jurisdiction to act with respect to the Fountain Hills incorporation petition while the petition was then pending before the Board, that prohibition was no longer effective when the Board's proceedings were "finally determined." *Colquhoun, supra; Jay, supra.* We hold that the incorporation petition here involved was "finally determined" as the result of the Board's failure to act on it as of March 3, 1985, the sixtieth day following its filing, as required by A.R.S. § 9–101.03. The Scottsdale City Council thereafter had jurisdiction to adopt a resolution rejecting the proposed incorporation, which it did on May 6, 1985. However, we also need not consider the legal effect of that resolution for purposes of this appeal. The Association's special action complaint seeking to review the Board's inaction was instead based on circumstances existing as of March 3, 1985.

■ The superior court had jurisdiction to review the Board's discretion in refusing to act upon the incorporation petition through a special action complaint, based upon the record before the Board as of March 3, 1985, pursuant to rule 3(a), Rules of Procedure for Special Actions, ("whether the defendant has failed to exercise discretion which he has a duty to exercise; or to perform a duty required by law as to which he has no discretion"), since the Board's procedures were "finally determined" by that time. We reject the City's contention that under no circumstances could the superior court ever order the Board to call an incorporation election because the Board itself then no longer had the power to do so as an original matter pursuant to A.R.S. § 9–101.03. That result would be contrary to the superior court's jurisdiction authorized by rule 3(a) to review for "abuse of discretion." It could also lead to future situations where wholly arbitrary refusals to approve proper incorporation petitions or to take other lawfully required actions might be improperly insulated from judicial review.

This court is free to substitute its analysis of the record for the superior court's, as a matter of law, where the case turns upon the interpretation to be applied to undisputed facts or to legal instruments. *E.g., LeBaron v. Crismon,* 100 Ariz. 206, 412 P.2d 705 (1966); *Stika v. Albion,* 150 Ariz. 521, 724 P.2d 607 (App.1986); *Goodyear Aircraft Corp. v. Arizona State Tax Comm'n,* 1 Ariz.App. 302, 402 P.2d 423 (1965). Applying this standard of review to the Board's discretion in failing to act on the Association's incorporation petition, the superior court erred in ordering the Board to call an incorporation election, for the reasons previously stated. The superior court's judgment must therefore be reversed.

In the interest of stability of local governments our holding in this opinion is to be prospective only. *Hill v. Stone,* 421 U.S. 289, 95 S.Ct. 1637, 44 L.Ed.2d 172 (1975). Therefore, this decision shall apply only to municipal incorporations not yet final as of the date of this decision. *City of Phoenix v. Kolodziejski,* 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523 (1970); *Cipriano v. City of Houma,* 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969).

Because of our resolution of this appeal, we need not consider the remaining issues urged by the City of Scottsdale.

Reversed and remanded with directions to enter judgment dismissing the Association's special action complaint.

CONTREAS, P.J., and ULRICH, J. Pro Tem.*, concur.