NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TRIFECTA, LLC, a Delaware limited liability company, *Plaintiff/Appellee*,

*v.*

CT INVESTMENTS NORTH, LLC, an Arizona limited liability company;
JAMES B. PATTERSON and JANE DOE PATTERSON, husband and wife;
NORTHERN ARIZONA TITLE AGENCY, LLC, an Arizona limited
liability company, *Defendants/Appellants*.

No. 1 CA-CV 25-0076
No. 1 CA-CV 25-0210
(Consolidated)
FILED 03-09-2026

Appeal from the Superior Court in Coconino County
No.  S0300CV202100445
No. S0300CV202100544

The Honorable Elaine Fridlund-Horne, Judge

**REVERSED AND REMANDED**

COUNSEL

Fennemore Craig, P.C., Phoenix
By Timothy J. Berg and Emily Ward
*Counsel for Plaintiff/Appellee*

Papetti Samuels Weiss McKirgan LLP, Scottsdale
By Lawrence Kasten and Jared Sutton
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Cynthia J. Bailey joined.

---

**F A B I A N**, Judge:

¶1 CT Investments North, LLC ("CTI"), James B. Patterson, and Northern Arizona Title Agency, LLC ("NATA") (collectively "Appellants"), appeal from the superior court's order denying CTI and Patterson's motion to compel satisfaction of judgment. Because Trifecta, LLC, accepted payments from NATA that satisfied the judgment in full, the superior court erred in denying the motion.

## FACTUAL AND PROCEDURAL HISTORY

¶2 In 2019, CTI and Trifecta entered into an agreement to form NATA, a title insurance and escrow agency. Patterson was CTI's manager. In 2021, Trifecta sued CTI and Patterson for various claims arising from their attempt to disassociate Trifecta from NATA and sought to place NATA in a receivership. NATA filed counterclaims against Trifecta.

¶3 After trial in August of 2024, the jury found in favor of Appellants on some claims and in favor of Trifecta on others. The jury concluded "there has not been a 'Dissociation (sic) Event' under the NATA Operating Agreement." In the verdict forms, the jury found Trifecta's "full damages" were $1,244,052.06 plus legal fees and expenses.

¶4 On November 14, 2024, the superior court issued a judgment incorporating the jury's verdict, stating:

> **IT IS FURTHER ORDERED**, based on the judgment in Trifecta's favor on Count II and Count III, awarding Trifecta damages in the amount of **$1,244,052.06**. . . .

> **IT IS FURTHER ORDERED** awarding to Trifecta taxable costs in the amount of **$6,045.62** plus attorney's fees in the amount of **$210,539.00**, against CTI only.

The judgment also stated:

**IT IS FURTHER ORDERED** . . . finding that there has <u>not</u> been a disassociation event, that Trifecta is not disassociated from NATA, and that Trifecta remains a 60 percent (60%) owner of NATA as of the date of entry of this Judgment.

¶5            Appellants filed a notice of appeal from the judgment. Thereafter, NATA sent payment of the judgment to Trifecta in the form of two checks. Accompanying the checks was a letter from NATA's attorney, stating that the checks had been issued pursuant to a demand for indemnification from CTI and explained:

> Consistent with the November 14, 2024, Judgment, enclosed are the following payments:
>
> 1. Check No. 2059, in the amount of $217,011.86, consisting of costs in the amount of $6,045.62, attorneys' fees in the amount of $210,539.00, and interest at the rate of 9.00% per annum, from November 14, 2024 to November 22, 2024; and
>
> 2. Check No. 2058, in the amount of $1,246,506.08, as and for Trifecta's distribution of 60% of NATA's net profits through November 22, 2024. This includes the amount set forth in the Judgment, plus interest at the rate of 9.00% per annum, from November 14, 2024 to November 22, 2024.

The letter also stated: "As the enclosed payments fully satisfy the Judgment, please file and provide a copy of a Satisfaction of Judgment."

¶6            Trifecta deposited those checks on November 25, 2024. After cashing the checks, Trifecta's attorney sent CTI and Patterson a letter on December 17, 2024, explaining why Trifecta did not believe the payment satisfied the judgment.

¶7            When Trifecta did not execute a satisfaction of judgment, CTI and Patterson filed a motion to compel satisfaction of judgment. In the motion, CTI and Patterson argued the judgment had been paid in full and sought an order declaring the judgment satisfied. Trifecta opposed the motion, arguing the money sent by NATA was a 60% distribution that it was already entitled to because, according to the judgment, Trifecta had not been disassociated from NATA. Trifecta also argued that because CTI and Patterson were not entitled to indemnification by NATA, payment through NATA could not satisfy the judgment.

¶8 In addition, CTI and Patterson requested $5,000 in statutory damages under A.R.S. § 33-420(A) because Trifecta recorded a judgment lien for a judgment that had already been satisfied. The court held oral argument on the motion and subsequently denied it. CTI and Patterson timely appealed the denial and this Court consolidated that appeal with Appellants' original appeal. This Court has jurisdiction pursuant to Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 2101(A)(1)-(2).

## DISCUSSION

¶9 Appellants no longer appeal the superior court's underlying judgment, only the denial of CTI and Patterson's motion to compel satisfaction of judgment. Specifically, they argue that NATA's payment and Trifecta's acceptance of that payment satisfied the judgment against CTI and Patterson. Trifecta disagrees, arguing that: 1) NATA's payment was for withheld distributions owed by NATA to Trifecta, 2) CTI and Patterson were not entitled to indemnification from NATA for the judgment, and 3) NATA, a third party, could not satisfy the judgment against CTI and Patterson.

## I. The Superior Court Erred in Denying CTI and Patterson's Motion to Compel Satisfaction of Judgment.

¶10 This Court reviews the denial of a motion to compel satisfaction of judgment for an abuse of discretion. *See John Munic Enters., Inc. v. Laos*, 235 Ariz. 12, 15 ¶¶ 3, 5, 6 (App. 2014) (denial of a motion under Arizona Rule of Civil Procedure 60(c)(5) that seeks relief from a judgment that has been "satisfied, released, or discharged" is reviewed for an abuse of discretion). "A court abuses its discretion if it commits an error of law." *Id.* at 15 ¶ 5. The interpretation of a judgment is a question of law this Court reviews *de novo*. *See Fountain Hills Civic Ass'n, Inc. v. City of Scottsdale*, 152 Ariz. 569, 575 (App. 1986) ("This court is free to substitute its analysis of the record for the superior court's, as a matter of law, where the case turns upon the interpret[at]ion to be applied to undisputed facts or to legal instruments.").

### A. NATA's Payment Satisfied the Judgment.

¶11 "The legal operation and effect of a judgment must be ascertained by a construction of its terms." *Title Ins. Co. of Minn. v. Acumen Trading Co.*, 121 Ariz. 525, 526 (1979). "The intention of the court must be determined from all parts of the judgment and words and clauses should

4

be construed according to their natural and legal import." *Lopez v. Lopez*, 125 Ariz. 309, 310 (App. 1980).

¶12        Here, the judgment awarded Trifecta "damages in the amount of $1,244,052.06." It also awarded Trifecta's attorney fees and costs in the total amount of $216,584.62 against CTI only. Finally, the judgment found "there has <u>not</u> been a disassociation event, that Trifecta is not disassociated from NATA, and that Trifecta remains a 60 percent (60%) owner of NATA as of the date of entry of this Judgment."

¶13        The terms of the judgment unambiguously reflect the jury's verdict that the "full damages" were $1,244,052.06 plus Trifecta's legal fees and expenses. The finding that Trifecta had not disassociated with NATA tracked the jury's verdict on NATA's counterclaim that "there has not been a 'Dissociation (sic) Event' under the NATA Operating Agreement." The judgment did not award a separate distribution or damages amount in connection with that finding. Thus, NATA's payments of the amounts specified in the judgment satisfied the judgment.

### B.        The Characterization of the Jury Award is Irrelevant.

¶14        The parties' arguments regarding whether the $1,244,052.06 in the judgment represented Trifecta's equity interest in NATA or Trifecta's owed distributions are not relevant to whether the judgment was satisfied.

¶15        The judgment, on its terms, reflected the jury's verdict in Trifecta's favor and awarded Trifecta $1,244,052.06 in damages along with attorney fees and costs. The judgment makes no distinction between theories of damages. Nor does it identify the damages as equity or a distribution. Instead, it only requires payment of $1,244,052.06 in damages plus accumulated interest, attorney fees, and costs.

¶16        The record is clear that the money sent from NATA to Trifecta was intended to fully satisfy the judgment against CTI and Patterson and indeed did so. If Trifecta believes it is entitled to an additional distribution from NATA, Trifecta can assert that claim independently.

### C.        Trifecta's Acceptance of NATA's Third-Party Payment Satisfied the Judgment.

¶17        Thus, the only question remaining is whether a third party may satisfy a judgment that was not entered against it. There is no Arizona caselaw on this precise issue. Because Trifecta's successful claims included a tort claim and contract claims, Restatements of both areas of law are

persuasive. *See Ramirez v. Health Partners of S. Ariz.*, 193 Ariz. 325, 332 ¶ 26 (App. 1998) (When there is no controlling statute or case law, Arizona courts generally follow the Restatement of the Law when the Restatement view "is logical, furthers the interests of justice, is consistent with Arizona law and policy, and has been generally acknowledged elsewhere.").

**¶18**        Restatement (Second) of Torts § 885(3) (1979) states:

> A payment by any person made in compensation of a claim for a harm for which others are liable as tortfeasors diminishes the claim against the tortfeasors, at least to the extent of the payment made, *whether or not the person making the payment is liable to the injured person* and whether or not it is so agreed at the time of payment or the payment is made before or after judgment.

(Emphasis added).

Comment b of Restatement (Second) of Contracts § 278(2) (1981) explains:

> The obligee need not accept a performance that is offered in full or partial satisfaction of the obligor's duty by a third person . . . . If he chooses to accept it, however, the obligor is discharged in accordance with the terms of the third person's offer.

**¶19**        Thus, the Restatements allow satisfaction of a judgment through payment by a third party even if the third party is not liable for the claim, with the caveat that an obligee can reject such payment. Restatement (Second) of Torts § 885(3) (1979); Restatement (Second) of Contracts § 278 cmt. b (1981). The Restatements are consistent with *PKC Enters., Inc. v. Roofing Techs.*, LLC, 2024 WL 1528834, at *2 ¶ 12 (Ariz. Ct. App. Apr. 9, 2024) (mem. decision), where this Court held defendants were entitled to satisfaction of a judgment when defendants' insurer paid the full judgment amount.

**¶20**        Here, NATA paid Trifecta the full judgment amount and communicated that the payments would "fully satisfy the Judgment." Trifecta could have refused to accept the payments. Instead, it cashed NATA's checks. Because it did so, CTI and Patterson are entitled to a satisfaction of judgment. Therefore, the superior court erred in denying the motion to compel satisfaction of judgment.

**¶21** Trifecta's argument that NATA's indemnification claim was improper is a separate legal claim that arose after the underlying judgment and is distinct from the issues in this appeal. As with the distribution claim, if Trifecta wishes to do so, it may bring a separate action to allege NATA improperly indemnified CTI and Patterson.

## II. CTI and Patterson's Request for Statutory Damages.

**¶22** CTI and Patterson request this Court remand for the superior court to consider their claim for statutory damages under A.R.S. § 33-420(A). On remand, the superior court may address CTI and Patterson's request for statutory damages if it determines it is appropriate to do so. This Court makes no comment as to that determination or the merits of that claim.

## III. Attorney Fees on Appeal.

**¶23** Both Appellants and Trifecta seek attorney fees and costs on appeal. This Court, in its discretion, denies the parties' requests for attorney fees. Because Appellants are the successful party on appeal, this Court awards their taxable costs incurred in this appeal under A.R.S. § 12-341, upon compliance with Arizona Rule of Civil Appellate Procedure 21.

### CONCLUSION

**¶24** Because the superior court erred in denying the motion to compel satisfaction of judgment, this Court reverses and remands with instructions to enter a satisfaction of judgment and for any further proceedings consistent with this decision.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR